[Crim. No. 36310. Second Dist., Div. One. Aug. 4, 1980.]

In re GORDON J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GORDON J., Defendant and Appellant.

**COUNSEL**

Gordon J., in pro. per., for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RADIN, J.*—

FACTS

The court sustained a petition charging the appellant, a minor, with violations of Penal Code section 415, disturbing the peace, and Penal Code section 594, vandalism. It found that the offenses were misdemeanors with a maximum physical confinement period of 90 days and 6 months respectively, the confinement periods to be served concurrently.

Following a disposition hearing the appellant was declared a ward of the juvenile court under Welfare and Institutions Code section 602, was granted probation, and placed in the care, custody, and supervision of the probation officer for placement in the home of his mother.

One of the conditions of appellant's probation was that he not unlawfully use or possess alcoholic beverages. Another condition was that he obey all laws.

About six weeks later a petition was filed charging appellant with violation of Penal Code section 488, petty theft, a misdemeanor, alleging that he did willfully, and unlawfully steal, take, and carry away the personal property of another, to wit: two steaks and a bottle of Bacardi rum.

The appellant's admission of the allegation was concurred in by his counsel. At the disposition hearing the court found that the appellant had been tried on home probation but had failed to become rehabilitated; his welfare required that his custody be taken from his parents. He was declared a ward and continued as a ward of the juvenile court under Welfare and Institutions Code section 602. Again, he was placed in the care, custody, and supervision of the probation officer for placement in the home of his mother. He was to obey all orders made at his previous disposition hearing with the added condition of probation that he be confined in Santa Barbara County Juvenile Hall four consecutive weekly periods of sixty hours each.

---

*Assigned by the Chairperson of the Judicial Council.

Upon his arrival at juvenile hall for the first two periods of each of his court-ordered commitments, he "smelled of alcohol" according to the motion for review of his detention filed by the probation officer on August 15, 1979. On the second occasion he was placed in isolation from the evening of August 14 until 2:30 the next afternoon.

A supplemental petition under Welfare and Institutions Code sections 602 and 777 was filed on August 16 alleging that the appellant was a ward of the juvenile court, that he had unlawfully used an alcoholic beverage in violation of his court order and appeared for commitment time at juvenile hall "in a condition indicating he had consumed an alcoholic beverage."

The minor was not detained pending the adjudication hearing, which was held before a referee on August 24, 1979.

The court found that the factual allegations of the supplemental petition were true beyond a reasonable doubt, that the appellant was a ward of the court under section 602 of the Welfare and Institutions Code, and that the previous orders of the court had not been effective.

A motion for rehearing was granted pursuant to Welfare and Institutions Code sections 252 and 254 and heard before the Honorable Charles S. Stevens, Jr.

At the hearing the appellant's motion to have his father, who was not a member of the bar, represent him was denied, but his motion to represent himself was granted, and the public defender was relieved.

Two witnesses who had observed appellant when he checked in on one of his court ordered confinements testified. Janice Bergkamp, a group counselor at the Santa Barbara Juvenile Hall, testified that at a distance of four feet she smelled alcohol on defendant's breath. James Henry Murr, Jr., a senior group counselor, testified that he noticed a strong smell of alcohol from appellant's mouth, that his face was flushed, and that his shirt was undone.

The court found beyond a reasonable doubt the minor had been drinking at the time alleged and was thereby in violation of a previous court order.

At the disposition hearing, the court ordered the minor to be continued as a ward pursuant to section 602 of the Welfare and Institutions Code; he was to remain in the care and custody and control of the probation officer to reside in the home of his father plus the "usual terms and conditions."

The minor appealed from the order of Judge Stevens.

### APPELLANT'S CONTENTIONS

A. With regard to the contested adjudication hearing of August 24, 1979: the petition does not state the precise time he was taken into custody (in violation of tit. 4, rule 1309(a)(7), of the Cal. Rules of Court); and a notice of hearing was not sent to either of his parents (in violation of tit. 4, rule 1309(d), of the Cal. Rules of Court).

B. The notice of hearing filed September 11, 1979, did not contain the code sections and subdivision under which the proceedings were instituted (in violation of tit. 4, rule 1309(a)(3), of the Cal. Rules of Court).[1]

C. With regard to booking: (1) Appellant was not advised of his constitutional rights (in violation of Welf. & Inst. Code, § 625); (2) Appellant was placed in isolation or temporary custody (in violation of Welf. & Inst. Code, §§ 625 and 507); and (3) Appellant was denied the right to be heard or to make his defense.

D. As to the court: (1) Appellant was denied the right to have his father assist him; (2) Appellant's motion to dismiss was erroneously denied; (3) The hearing was not conducted in accordance with the mandate of Welfare and Institutions Code section 680; and (4) An erroneous ruling allowed prejudicial evidence against appellant.

### DISCUSSION

Appellant contends the first three errors are in violation of various subsections of rule 1309 of the California Rules of Court. We have reviewed them and find them without merit.

---

[1]Appellant has apparently miscited the rule number and intends to rely on rule 1309(c)(4).

Rule 1309 sets forth the requirements for a *petition*, which is the document initiating a proceeding to declare a minor a ward of the court.

In the instant case, however, the appeal is from a *supplemental petition* under the provisions of Welfare and Institutions Code sections 602 and 777.[2] The appellant was already a ward of the court, and the supplemental petition involves the violation of a condition of probation. .

The minor in this case was in custody as a result of a *previous* court order when he was observed to have consumed alcohol, the violation which gave rise to the supplemental petition. He was not detained as a result of the supplemental petition.

With regard to the notice of hearing, the minor's father was in court on each and every court date: August 16 when the motion for review of disposition was calendared, on August 17, the continued date, on August 24 at the adjudication hearing before Referee William W. Luc, at the rehearing on September 28, and at the disposition hearing on October 12.

Service of notice may be waived by the parent by voluntary appearance. (Welf. & Inst. Code, § 660, subd. (b).) Notice may be oral. (Welf. & Inst. Code, § 630.) In addition, written notice of the rehearing before Judge Stevens which resulted in the order giving rise to this appeal was sent to both of the appellant's parents. The original notice of hearing on the supplemental petition was filed on August 16, and did include the code sections under which the proceeding was brought. All subsequent hearings flowed from that petition including the September 11 notice. Appellant's contention on this point is without merit.

The next contention of appellant is that he was not advised of his constitutional rights pursuant to Welfare and Institutions Code section 625 at the time he was booked and placed in isolation.

The minor made no statements which are of record—and if in fact he was not advised of his constitutional rights—no prejudice occurred.

---

[2]Welfare and Institutions Code section 777 provides in part: "...(a) the supplemental petition shall be filed...by the prosecuting attorney at the request of the probation officer where a minor has been declared a ward under Section 602, in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

The appellant next argues that the booking officer had no right to place him in isolation or temporary custody in violation of Welfare and Institutions Code sections 507 and 625.1, subdivisions (a), (b), and (c).[3] Welfare and Institutions Code section 625 as the relevant code section states that "a peace officer may, without a warrant, take into temporary custody a minor...who is a ward of the juvenile court...when such officer has reasonable cause for believing that person has violated an order of the juvenile court ...."

As set forth earlier, appellant was already in custody; if there was any additional temporary custody which the record does not reveal, it could have been warranted.

Appellant's contentions that he was deprived of his right to be heard on the issue of booking violations is not supported by the record. The court asked the appellant if he wanted to testify as to the violations of his rights:

"Do you want to come up here and testify or do you just want to sit down there and talk?

"THE JUVENILE: Well, I want to show you these rights that they violated of mine.

"THE COURT: I am permitting you to make a record.

"THE JUVENILE: That is what I want to do.

"THE COURT: I mean, just to make a statement that your rights are violated without having any testimony to support it, doesn't get you anywhere.

"THE JUVENILE: I have testimony to support my—

"THE COURT: Where is your testimony?

"THE JUVENILE: I don't have it—have the testimony."

Later—"THE COURT: The only question is, right now—if your rights have been violated, that can be the subject of another hearing, if you

---

[3]These code sections were repealed in 1977 and 1978 respectively.

want to get any attorney, and I will appoint one for you to prepare a proper writ and then, we will go into that. . . ."

Appellant who had asked the court to relieve the public defender as his counsel and to represent himself in the court proceeding four days earlier continued to represent himself and never raised the issue of booking violations again. Even if the violations of which appellant complains existed, they were not relevant to the hearing which resulted in the order from which appellant appeals and the court properly excluded argument by the appellant in furtherance of that issue in the instant matter.

■ The next issue appellant raises is that the court erred in refusing to allow his father to "assist him in this matter." None of the cases that he cites are in point.

Appellant had been represented by a public defender. When the court would not allow his father to represent him because he was not a member of the bar as required by Business and Professions Code section 6125,[4] the appellant chose to represent himself.

In the *Perez* case (*People* v. *Perez* (1979) 24 Cal.3d 133 [155 Cal.Rptr. 176, 594 P.2d 1]), where a certified law student appeared on behalf of a defendant, the court held that the defendant's right to competent assistance of counsel was not abridged when the student was under the supervision at all times of an experienced attorney and operated under State Bar rules which had been drafted "with special care to the end that defendants represented by attorneys and certified students pursuant to those Rules would receive competent assistance." (At p. 138.)

Obviously, these safeguards were not present in the case at bench; the court did not err in denying appellant's motion to have his father, a nonlawyer, represent him.

There is no merit to appellant's contention that his father should have been permitted to cocounsel with him. "A defendant in this state has never been entitled to either joint counsel or advisory counsel. *People* v. *Hill* (1969) 70 Cal.2d 678, 691-692 [76 Cal.Rptr. 225, 452 P.2d 329]." (*People* v. *Dale* (1978) 78 Cal.App.3d 722, 732 [144 Cal.Rptr. 338].)

---

[4]"No person shall practice law in this State unless he is an active member of the State Bar."

While *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], held that a defendant has a right under the Sixth Amendment to represent himself, that holding has not affected the aforesaid rule cited by *People* v. *Dale* (*supra*).

■ With respect to appellant's contention that the court erred in denying his motion to dismiss, he states that evidence in this case is in "direct conflict" with Evidence Code sections 1250, 1251, 1252, and 410. Evidence Code section 702, subdivision (b), makes it clear that a witness' personal knowledge of a matter may be established by any otherwise admissible evidence, including the witness' own testimony. Such was the case where the two witnesses testified of smelling alcohol on appellant's breath.

The trial court found that beyond a reasonable doubt the appellant had been drinking at the time in question, which was a violation of his court-ordered probation. It is well settled in California that one witness, if believed by the trier of fact, who is the sole judge of the credibility of the witnesses, is sufficient to sustain a verdict. (*People* v. *Ozene* (1972) 27 Cal.App.3d 905, 910 [104 Cal.Rptr. 170].) In the instant case there were two witnesses.

We find the court properly denied appellant's motion to dismiss.

The last argument by appellant is that error was committed by the court in that the hearing was not conducted pursuant to Welfare and Institutions Code section 680.[5]

The only issue before the court was whether or not the appellant had violated a court order in which he was to obey all laws and which forbade him to use or possess alcoholic beverage.

We find nothing in the record to sustain his contention. He was found in violation, but the court at the disposition hearing after hearing

---

[5]Welfare and Institutions Code section 680 provides: "The judge of the juvenile court shall control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought. Except where there is a contested issue of fact or law, the proceedings shall be conducted in an informal nonadversary atmosphere with a view to obtaining the maximum cooperation of the minor upon whose behalf the petition is brought and all persons interested in his welfare with such provisions as the court may make for the disposition and care of such minor."

from appellant's father made an order for appellant to remain in the care, custody, and control of the probation officer and to reside in the home of his father.

The judgment is affirmed.

Jefferson (Bernard), Acting P. J.,* and Hanson (Thaxton), J., concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.