[No. B003562. Second Dist., Div. Seven. Nov. 9, 1984.]

THE PEOPLE, Plaintiff and Appellant, v.
RONALD D. DAVIS, Defendant and Respondent.

COUNSEL

Robert H. Philibosian, District Attorney, Ronald J. Kaplin and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Edward P. George, Jr., and Albert C. S. Ramsey for Defendant and Respondent.

OPINION

**JOHNSON, J.**—This appeal challenges the order of the trial court granting the respondent's motion to dismiss the information pursuant to Penal Code section 995. The central issue raised on appeal is whether the magistrate properly exercised his discretion when he refused to allow the respondent personally to cross-examine the prosecution's sole witness at the preliminary hearing. Because we agree with the trial court the magistrate erred in this matter, we affirm.

## I. Facts and Proceedings Below

On January 13, 1983, William Kingman shot Aubrey Smith, wounding him in the ear. Smith, represented by the respondent, filed a civil action against Kingman. Criminal assault charges were also filed.

On February 25, 1983, the respondent, Smith, and another codefendant were arrested for allegedly taking a bribe from Kingman. According to the People, Smith agreed to absent himself from the jurisdiction of the court in the pending criminal trial and not be available to testify as a material witness so the trial could not proceed. In return, Smith received $45,000 from Kingman as payment for civil damages.

On June 9, 1983, through June 16, 1983, a preliminary examination was held wherein a complaint was filed against the respondent and the codefendants, alleging, in count I, violation of Penal Code section 138 [asking for or receiving a bribe]; in count II, violation of Penal Code section 153 [compounding and concealing a crime]; and in count III, violation of Penal Code section 182 [conspiracy to violate Pen. Code, §§ 138 and 153].

On June 14, 1983, during the preliminary examination, the prosecution's sole witness, William Kingman, was called to testify. He testified as to the events which led up to the acceptance of the bribe. The respondent did not cross-examine the witness but reserved the right to order the witness back. Counsel for one of the other defendants did ask some questions.

On June 15, 1983, during the respondent's presentation of his case, respondent's counsel informed the magistrate they would now like to recall Mr. Kingman. He also advised that the respondent himself would conduct the cross-examination on his own behalf. The prosecution did not object. The magistrate, however, was not certain this was a proper procedure and decided to consider the matter during the evening recess.

The next morning, the respondent's counsel again requested the respondent be allowed to conduct the cross-examination. Counsel explained the respondent had prepared for this examination in its entirety since the inception of the case. He also stated they pursued this course because the respondent had extensive experience in civil and criminal practice. As such, he had certain expertise with respect to the mechanics of the civil suit and its interrelationship with the criminal suit which counsel himself did not possess. The respondent also, of course, had a close understanding of the facts of the case.

The magistrate denied the request stating he found counsel to be most competent and to have handled the case in a very able fashion.

Counsel, at this point, further informed the magistrate he was not prepared to examine the witness himself and thus if the magistrate would not allow the respondent to examine him, they would not be able to question the witness at all. Furthermore, counsel explained, this witness was very important to the respondent's case with regard to several issues.

The magistrate again stated he found counsel quite capable. He also said counsel had had plenty of time to prepare his examination since the witness had appeared earlier in the proceedings. The magistrate's ruling stood. The respondent did not question the witness either himself or through his attorney.

Following the preliminary examination, each defendant was held to answer in the superior court as to counts I, II, and III of the complaint.

On June 30, 1983, a three-count information was filed against the respondent and the codefendants alleging violation of the Penal Code sections discussed above.

On November 3, 1983, the respondent filed a motion to dismiss counts I, II, and III of the information pursuant to Penal Code section 995 alleging he was improperly committed due to the denial of his right to personally cross-examine the key prosecution witness.

On November 21, 1983, the trial court gave its preliminary ruling on the 995 motion. The court ruled the respondent had not been legally committed by the magistrate as required pursuant to Penal Code section 995, subdivision (a)(2)(A). Relying on *People* v. *Windham* (1977) 19 Cal.3d 121 [138 Cal.Rptr. 8, 560 P.2d 1187], cert. den. (1977) 434 U.S. 848 [54 L.Ed.2d 116, 98 S.Ct. 157], the court stated the magistrate, when he rejected the respondent's request, failed to balance the prejudice to the legitimate interests of the defendant with the potential disruption of the proceedings. As the court stated, the magistrate improperly relied solely on counsel's ability to represent the respondent and refused to consider the complete lack of potential disruption to the proceedings. Due to this failure, the 995 motion to dismiss had to be granted.

On this same day, the trial court entered its minute order, ruling as discussed above.[1]

The appellant filed a timely notice of appeal from the order of dismissal on January 19, 1984. Briefing was completed on August 1, 1984, and argument heard November 1, 1984.

---

[1]The minute order also granted the respondent's demurrer to count II which the respondent also filed on November 3, 1983.

## II. The Trial Court Properly Granted the Respondent's Motion to Dismiss the Information Pursuant to Penal Code Section 995

Penal Code section 995 provides, in relevant part, "[T]he indictment or information shall be set aside by the court in which the defendant is arraigned . . . if . . . before the filing thereof the defendant has not been legally committed by a magistrate." In interpreting this provision, it has been held, "An information . . . will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. [Cite omitted.] But where it appears that during the course of the preliminary examination, the defendant has been denied a substantial right, the commitment is unlawful within the meaning of section 995 and it must be set aside upon timely motion. [Cites omitted.]" (*People* v. *Elliot* (1960) 54 Cal.2d 498, 502-503 [6 Cal.Rptr. 753, 354 P.2d 225], disapproved on another point in *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941].)

A commitment has been deemed unlawful in a variety of contexts. (*People* v. *Elliot, supra,* 54 Cal.2d at p. 504 [defendant denied the right to have all unauthorized persons excluded from the courtroom during preliminary examination]; *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 879-880 [59 Cal.Rptr. 440, 428 P.2d 304] [defendant denied the right to cross-examine and present an affirmative defense]; *People* v. *Phillips* (1964) 229 Cal.App.2d 496, 501-502 [40 Cal.Rptr. 403] [defendant denied continuance to secure counsel as required]; *McCarthy* v. *Superior Court* (1958) 162 Cal.App.2d 755, 758-759 [328 P.2d 819] [defendant denied right to the assistance of counsel]; *Reid* v. *Superior Court* (1983) 140 Cal.App.3d 624, 634 [189 Cal.Rptr. 644] [defendant denied right to a counsel without conflicting interests].)

It should be apparent if the magistrate erred in not allowing the respondent to personally cross-examine the prosecution's key witness (such refusal resulting in no examination of this witness), the respondent was indeed denied a substantial right which requires the commitment be set aside.

### A. The Magistrate Failed to Exercise His Discretion When He Prohibited the Respondent From Personally Questioning the Prosecution's Key Witness

A defendant neither has an absolute right to participate in the presentation of his case when he is represented by counsel nor an absolute right to the assistance of counsel when he is proceeding pro. per. (*People* v. *Mattson* (1959) 51 Cal.2d 777, 789 [336 P.2d 937]; *People* v. *Hill* (1969) 70 Cal.2d 678, 691-692 [76 Cal.Rptr. 225, 452 P.2d 329], cert. den. (1972) 406 U.S. 971 [32 L.Ed.2d 671, 92 S.Ct. 2416]; *People* v. *Spencer* (1984)

153 Cal.App.3d 931, 938 [200 Cal.Rptr. 693].)[2] As the *Mattson* court stated: "These matters are within the sound discretion of the trial judge who is in a position to appraise the courtroom situation and determine what procedure will best promote orderly, prompt, and just disposition of the cause.

"The court, however, should not permit a litigant both to have counsel and to actively participate in the conduct of the case . . . *unless the court on a substantial showing determines that in the circumstances of the case the cause of justice will thereby be served and that the orderly and expeditious conduct of the court's business will not thereby be substantially hindered or delayed.*" (*People* v. *Mattson, supra,* 51 Cal.2d at p. 797, italics added.) (See also *People* v. *Darling* (1962) 58 Cal.2d 15, 19-20 [22 Cal.Rptr. 484, 372 P.2d 316]; *People* v. *Spencer, supra,* 153 Cal.App.3d at p. 939.) The holding of these cases is equally applicable when a defendant is before a magistrate. (See *People* v. *Mattson, supra,* 51 Cal.2d at p. 794; *People* v. *Mitchell* (1960) 185 Cal.App.2d 507, 512 [8 Cal.Rptr. 319].)

It appears from the record the magistrate was either unaware he had the discretion to allow the respondent personally to cross-examine the prosecution's witness, (see *People* v. *Massie* (1967) 66 Cal.2d 899, 917-918 [59 Cal.Rptr. 733, 428 P.2d 869]; *Loomis* v. *State* (1948) 78 Ga.App. 153 [51 S.E.2d 13, 22].) or even if aware, misguided as to the appropriate legal standard to guide the exercise of this discretion. "[W]here fundamental rights are affected by the exercise of discretion of the trial court, . . . such

---

[2]Respondent contends *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] provides a defendant can present his case in court by himself and by counsel simultaneously as a matter of right. This contention has been rejected. (*People* v. *Harris* (1977) 65 Cal.App.3d 978, 987 [135 Cal.Rptr. 668]); *People* v. *Wheeler* (1977) 68 Cal.App.3d 1056, 1059 [137 Cal.Rptr. 791]; *Chaleff* v. *Superior Court* (1977) 69 Cal.App.3d 721, 729-730 [138 Cal.Rptr. 735] [con. op.].)

Respondent also contends the California Constitution, on the basis of its 1972 amendment, supports the defendant's absolute right to this type of simultaneous representation. This argument is ill-founded. Prior to the 1972 amendment, the Constitution provided an accused in a criminal proceeding had the right "to appear and defend in person and with counsel." (Cal. Const., art. I, § 13.) As amended in June 1972, article I, section 13 was rewritten in article I, section 15 to delete the foregoing language and to provide "The defendant in a criminal cause has the right to a speedy public trial, to compel attendance of witnesses in the defendant's behalf, to have the assistance of counsel for the defendant's defense . . . ." (Cal. Const., art. I, § 15.) This amendment thus eliminated the explicit guarantee of the right of the accused to represent himself. Such an alternation hardly lends support to the respondent's current argument. To further illustrate this point, this amendment was introduced by California Senator Cologne along with Senate Bill No. 939, 1971 Regular Session. This bill, in relevant part, amended Penal Code section 987 *to require* that a defendant in a capital case be represented by counsel. (Italics added.) (Stats. 1971, ch. 1800, § 5, p. 3898.) The bill furthermore expressly stated self-representation caused unnecessary delays, disrupted proceedings, and provided no advantage to defendants. (Stats. 1971, ch. 1800, § 6, p. 3898.) This amendment to Penal Code section 987 was to become effective only upon the adoption of the 1972 constitutional amendment. The clear intent of these two proposals was to cut back on defendants' control over their own cases, not to expand it as the respondent contends.

discretion can only be truly exercised if there is no misconception by the trial court as to the legal basis for its action." (*In re Carmaleta B.* (1978) 21 Cal.3d 482, 496 [146 Cal.Rptr. 623, 579 P.2d 514]; see also *People* v. *Love* (1961) 56 Cal.2d 720, 728-729 [16 Cal.Rptr. 777, 366 P.2d 33], disapproved on another point in *People* v. *Morse* (1964) 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]; *Cano* v. *Municipality of Anchorage* (Alaska App. 1981) 627 P.2d 660, 664.)

In the case before us, to properly exercise his discretion, the magistrate had to determine whether a substantial showing had been made that the cause of justice would be served and the orderly and prompt conduct of the court's business would not be substantially delayed or disrupted if the respondent was allowed to assist his counsel by cross-examining the prosecution's witness. (*People* v. *Mattson, supra,* 51 Cal.2d at p. 797; *People* v. *Darling, supra,* 58 Cal.2d at p. 20.) As mentioned above, it is not clear the magistrate knew he could exercise his discretion to allow respondent to conduct the cross-examination.[3] Even assuming the magistrate understood he had discretion to accept this arrangement, it is not apparent he applied the appropriate legal standard. An examination of the record reveals the magistrate based his decision solely on the fact the respondent's counsel was competent and had handled the respondent's case *up to that point* in the "most able-bodied manner." There was no showing the magistrate knew to consider the complete lack of delay or disruption that would be involved. Nor was there any showing the magistrate knew to consider under which procedure the cause of justice would better be served. This was the case even after counsel explicitly informed the magistrate he had not prepared for this witness.[4] As the trial court stated in reviewing the magistrate's action, "He [the magistrate] just took the position that the lawyer was able to represent—to handle the matter, and that was the end of it." As the trial court further concluded, "As far as I can see, there was no potential for disruption of the proceedings. And the magistrate refused to recognize that fact. And I think clearly the magistrate was wrong in that respect." With respect to the interests of the respondent, the court stated: "[T]his is a particular exception where a pro per defendant is an experienced trial law-

---

[3]As an example, when counsel first proposed this arrangement, the magistrate responded, "That doesn't set well with the Court. *It may not be proper,* and we will decide that over the evening." (Italics added.) The next day, when counsel again tried to explain his position after the magistrate denied his request, the magistrate interrupted, "I see no need for that. *I consider it improper."* (Italics added.) Counsel then explained his position again, to no avail.

[4]It should be noted opposing counsel argued the respondent's counsel was being less than candid when he said he wasn't prepared. The magistrate did not respond to this argument.

yer, and it seems to me the magistrate just turned his eyes to that, you read the discussion in the transcript, and he didn't discuss that at all."[5]

Based on our reading of the transcript, we agree with the trial court.

**B. Even if the Magistrate Was Aware He Could Exercise His Discretion in This Matter and Knew the Correct Legal Standard Therein, the Magistrate's Decision Constituted an Abuse of This Discretion.**

■ Abuse of discretion exists whenever in the exercise of its discretion, the court exceeds the bounds of reason, all of the circumstances before it being considered. (*People* v. *Russell* (1968) 69 Cal.2d 187, 194 [70 Cal.Rptr. 210, 443 P.2d 794], cert. den., *Russel* v. *Craven* (1968) 393 U.S. 864 [21 L.Ed.2d 132, 89 S.Ct. 145]; *Marriage of Connolly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].) To exercise the power of judicial discretion, all material facts and evidence must be both known *and considered,* together with legal principles essential to an informed, intelligent and just decision. (Italics added.) (*Martin* v. *Alcoholic Beverage etc. Appeals Bd.* (1961) 55 Cal.2d 867, 878 [13 Cal.Rptr. 513, 362 P.2d 337]; *People* v. *Surplice* (1962) 203 Cal.App.2d 784, 791 [21 Cal.Rptr. 826].)

In the case before us, the respondent was an experienced attorney, not the usual defendant who has never or rarely been inside a courtroom. He was no doubt capable of conducting an effective cross-examination. He was also prepared to conduct the examination at the time the request was made. Furthermore, his extensive legal experience as well as his understanding of the facts of the case made him quite suited to conduct this particular examination. There was no indication the court's business would be substantially (or even slightly) hindered or delayed. The magistrate did not challenge any of these contentions. Thus, this was not a case where the respondent's request was properly denied because his participation would confuse or disrupt the proceeding. (*United States* v. *Cander* (6th Cir. 1970) 423 F.2d 904, 909, cert. den., *Pegram* v. *United States* (1970) 400 U.S. 958 [27 L.Ed.2d 267, 915 S.Ct. 357]; *United States* v. *Klee* (9th Cir. 1974) 494 F.2d 394, 396; *Cano* v. *Municipality of Anchorage, supra,* 627 P.2d at

---

[5]We agree with the appellant the trial court's reliance on *People* v. *Windham, supra,* 19 Cal.3d 121 in analyzing the magistrate's decision may have been ill-founded. There was no indication respondent was seeking pro. per. status. Rather, he sought to assist counsel in the presentation of his case. The trial court itself stated this at a later point in the proceeding. The conclusions reached by the court however are equally applicable to an analysis under *Mattson* and its progeny. Based on *Windham,* the trial court found the magistrate had failed to balance the legitimate interests of the respondent compared to the potential disruption of the proceedings. Both these factors, as discussed above, must also be considered before a court (or magistrate) can properly exercise its discretion under *Mattson.*

p. 664.) This was also not the case where respondent was likely to under-mine his own defense. (See *United States* v. *Kimmel* (9th Cir. 1982) 672 F.2d 720, 721; *State* v. *Kelly* (1972) 210 Kan. 192 [499 P.2d 1040, 1043-1044].) Counsel in fact informed the magistrate he was not prepared to conduct the examination himself and the witness, who was very important to their case with respect to a number of issues, would not be examined otherwise. Yet the magistrate still rejected the request.

The trial court found the magistrate, in ruling on this request, had simply taken the position counsel was able to represent the respondent and that was the end of it. The record aptly demonstrates this. The magistrate thus failed to give the necessary consideration to *all the material facts and evidence of this particular case* as is required for a proper exercise of discretion. As such, the magistrate abused his discretion in disallowing the respondent from conducting the cross-examination.

The appellant relies on *In re Gordon J.* (1980) 108 Cal.App.3d 907 [166 Cal.Rptr. 809, 11 A.L.R. 4th 711], *People* v. *Hill, supra,* 70 Cal.2d 678, and *People* v. *Dale* (1978) 78 Cal.App.3d 722 [144 Cal.Rptr. 338], cert. den. (1978) 439 U.S. 934 [58 Cal.Rptr. 329, 99 S.Ct. 327], in attempting to support the magistrate's decision. Each of these decisions, however, are quite distinguishable factually from the case before us.

The *In re Gordon J.* court upheld the trial court's rejection of appellant's request to have his father serve as cocounsel with him. (*In re Gordon J., supra,* 108 Cal.App.3d at p. 914.) But disallowing a son's father, a nonat-torney, from assisting in his son's representation can hardly be compared to the factual context that faced the magistrate in the case before us.

In *People* v. *Hill, supra,* the court likewise found no abuse of discretion in the trial court's denial of defendant's request to personally argue to the jury at the penalty trial. In that case, however, the defense counsel himself opposed the request. The district attorney also opposed the motion, being concerned the defendant would not keep his argument within the legal bounds. (*People* v. *Hill, supra,* 70 Cal.2d at pp. 691-692.)

Finally, in *People* v. *Dale, supra,* 78 Cal.App.3d 722, the trial court's denial of the defendant's motion to act as cocounsel was also upheld. How-ever in that case, the defendant was not an attorney and was clearly inex-perienced in legal matters. (*People* v. *Dale, supra,* 78 Cal.App.3d at pp. 731-732.)

The appellant in his brief appears to argue a defendant never can assist counsel in the conduct of his case. This is certainly not the holding of *People*

v. *Mattson, supra,* and its progeny. Furthermore, numerous courts in a variety of contexts have allowed a defendant to assist counsel in his own defense. (See *People* v. *Evans* (1963) 211 Cal.App.2d 534, 538 [27 Cal.Rptr. 304] [defendant allowed to cross-examine a witness]; *People* v. *Bourland* (1966) 247 Cal.App.2d 76, 87 [55 Cal.Rptr. 357], cert. den. (1967) 388 U.S. 920 [18 L.Ed.2d 1367, 87 S.Ct. 2412] [pro. per. defendant and advisor counsel shared handling of the case]; *Goode* v. *Wainwright* (11th Cir. 1983) 704 F.2d 593, 600, revd. on other grounds (1983) 464 U.S. 78 [78 L.Ed.2d 187, 104 S.Ct. 378] [pro. per. defendant had assistance of counsel. Counsel conducted most of trial but defendant cross-examined witnesses and made a short closing statement]; *United States* v. *Williams* (8th Cir. 1976) 534 F.2d 119, 123, cert. den. (1976) 429 U.S. 894 [50 L.Ed.2d 177, 97 S.Ct. 255] [court treated defendant and his counsel as cocounsel and applied the same general rules as are applied when a party is represented by two attorneys); *United States* v. *Bennett* (10th Cir. 1976) 539 F.2d 45, 50, cert. den. (1976) 429 U.S. 925 [50 L.Ed.2d 293, 975 S.Ct. 327] [court permitted defendant represented by counsel to cross-examine some witnesses].)[6]

For the foregoing reasons we hold the trial court did not err in finding the magistrate abused his discretion in disallowing the respondent from cross-examining the key prosecution witness.

## DISPOSITION

The order of the trial court dismissing the information is upheld.

Lillie, P. J., and Thompson, J., concurred.

---

[6]At oral argument, the appellant relied exclusively on *People* v. *Dale, supra,* and insisted it stood for the proposition a court had no discretion to allow a defendant to assist his counsel in the presentation of his case. Later, upon further questioning by the court, the appellant conceded a court could exercise discretion in this context, but only if the appellant's request was made at the beginning of the proceeding. This is an inaccurate understanding of the law.