[No. A044249. First Dist., Div. One. July 24, 1989.]

CLEVELAND SCOTT, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Cleveland Scott, in pro. per., and Eric S. Multhaup, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Gerald A. Engler and Gloria F. DeHart, Deputy Attorneys General, for Real Party in Interest.

## OPINION

RACANELLI, P. J.—By information filed in the San Mateo County Superior Court, petitioner Cleveland Scott is charged with murder (Pen. Code, § 187)[1] with a special circumstance allegation under section 190.2, subdivision (a)(2) (prior murder) and with sentence enhancements and special allegations pursuant to sections 12022, subdivision (b) (use of a weapon), 190.05, subdivision (a) (prior murder for purposes of a second degree murder conviction), 190.25, subdivision (a) (murder of a transportation worker), 1203.075 (ineligibility for probation), 667 and 667.5, subdivision (b) (prior felony convictions and prison terms). Petitioner has been proceeding below without counsel (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]) but has the assistance of a court-appointed advisory attorney (*People* v. *Mattson* (1959) 51 Cal.2d 777 [336 P.2d 937]). He seeks extraordinary relief to compel respondent superior court to grant his motion, filed October 11, 1988, for appointed assistant counsel (hereafter *Keenan* counsel). (*Keenan* v. *Superior Court* (1982) 31 Cal.3d 424 [180 Cal.Rptr. 489, 640 P.2d 108].)

On December 14, 1988, we summarily denied Scott's petition. On February 2, 1989, the California Supreme Court granted his petition for review and transferred the cause to this court with directions to issue our alternative writ. We complied and appointed counsel for petitioner for purposes of this proceeding. (*In re Walker* (1976) 56 Cal.App.3d 225 [128 Cal.Rptr. 291].)

We deny the petition and discharge the alternative writ for the reasons we explain.

### PROCEDURAL BACKGROUND[2]

Scott was initially represented in the municipal court by appointed counsel, Mr. Balliet, a member of the county's private defender program.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] We take judicial notice (Evid. Code, §§ 452, subd.(d)(1) and 459, subd. (a)) of a related petition which Scott filed in this court, No. A044769.

On June 16, 1988, the municipal court denied petitioner's motion to act as "cocounsel" with Mr. Balliet and instead gave petitioner a choice between representing himself or being represented by appointed counsel. He elected to represent himself. No challenge is made to the adequacy of the preliminary advisements or judicial determination of petitioner's intelligent and competent waiver of his right to counsel.

On July 7, 1988, prior to the commencement of his preliminary hearing, petitioner, appearing in propria persona, filed a motion for appointed *assistant* counsel which requested "an order appointing a second attorney to assist Pro Per Counsel in the preparation and presentation of a defense in this case."

At the hearing on the motion on July 18, 1988, the municipal court was apprised by Mr. Balliet, who by then had been appointed as petitioner's advisory counsel (*People* v. *Mattson, supra,* 51 Cal.2d 777), that the motion was different from the June 16th motion in that petitioner was now requesting a second attorney to assist him under the authority of *Keenan* v. *Superior Court, supra,* 31 Cal.3d 424.

At the continued hearing on July 25, Mr. Balliet explained that upon his initial appointment as counsel of record, the county private defender program routinely assigned a second attorney to assist him in the case. Further, such decisions by the private defender program were usually accepted by respondent court. The motion was thereafter denied.

At his preliminary hearing, petitioner acted pro se with Mr. Balliet's assistance as advisory counsel. During the hearing, petitioner unsuccessfully renewed his request that Mr. Balliet be appointed "cocounsel." Ultimately, petitioner was held to answer the charges.

Following his arraignment in superior court, petitioner filed a motion "to act as own counsel and for appointed assistant counsel" accompanied by an affidavit in support of the motion "for appointment of second counsel (Keenan)." The documents cited *Keenan* v. *Superior Court, supra,* 31 Cal.3d 424.[3]

At the hearing on the motion, respondent court first ascertained that petitioner was fully capable of representing himself in superior court. (*Faretta* v. *California, supra,* 422 U.S. 806.) Again, no challenge is made to the

---

[3] Under section 987, subdivision (d), the affidavit filed in support of the request for appointment of second counsel could have been filed under seal and kept confidential. However, petitioner has made no request in this court that his affidavit be lodged under seal (*Champion* v. *Superior Court* (1988) 201 Cal.App.3d 777, 785-789 [247 Cal.Rptr. 624]). In any event, nothing in the affidavit remotely discloses petitioner's defense nor could it possibly lighten the district attorney's burden of proof in the proceedings below. (See *People* v. *Collie* (1981) 30 Cal.3d 43, 53 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776].)

adequacy of the advisements given and judicial determination of petitioner's waiver of his right to counsel. The court thereafter appointed Mr. Balliet as advisory counsel but denied the request for appointment of *Keenan* counsel.

## DISCUSSION

Petitioner argues here, as he did below, that he was entitled to the appointment of a second attorney under the authority of *Keenan* v. *Superior Court, supra,* 31 Cal.3d 424. Petitioner construes *Keenan* to grant discretion to the trial court to appoint a second attorney in a capital case if circumstances require and, he claims, a presumption exists that a second attorney is required once a showing of necessity is made. Equating his pro se status with that of a court-appointed attorney, petitioner argues that equal protection principles demand that a capital defendant acting pro se should be treated no differently than a professional attorney who requests *Keenan* counsel. He contends that since the showing of need required under *Keenan* and section 987, subdivision (d) was made, denial of his motion was an abuse of discretion. We disagree.

■ In appropriate circumstances, an accused "has a constitutional right to proceed *without* counsel" (*Faretta* v. *California, supra,* 422 U.S. at p. 807 [45 L.Ed.2d at p. 566]). The only inquiry for judicial determination is whether the accused's waiver of the right to counsel is a knowing and intelligent one. (*Id.,* at p. 835 [45 L.Ed.2d at p. 581].) The court cannot inquire into his technical knowledge of the law or his ability to litigate a case, and "in spite of his best (or worst) efforts, he cannot afterwards claim inadequacy of representation. Pitiful though his efforts may be, he cannot thereafter complain that his self-representation was inadequate." (*People* v. *Lopez* (1977) 71 Cal.App.3d 568, 574 [138 Cal.Rptr. 36].) The Sixth Amendment of our federal Constitution "grants to the accused personally the right to make his defense." (*Faretta* v. *California, supra,* 422 U.S. at p. 819 [45 L.Ed.2d at p. 572].) "And whatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free choice." (*Id.,* at pp. 833-834 [45 L.Ed.2d at pp. 580-581].) While more often than not criminal defendants will be better defended by counsel than through their own efforts, "where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly. . . . The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage." (*Id.,* at p. 834 [45 L.Ed.2d at p. 581].)

■ It is well established that a defendant who has elected self-representation under *Faretta* v. *California, supra,* may, in the sound discretion of the

trial judge, be entitled to have the services of appointed *advisory* counsel. (*People* v. *Bigelow* (1984) 37 Cal.3d 731, 742 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723]; *People* v. *Mattson, supra,* 51 Cal.2d at p. 797.)

Our highest court, however, has consistently held that a " '. . . defendant is not entitled to have his case presented in court both by himself and by counsel acting at the same time or alternating at defendant's pleasure. . . .' " (*People* v. *Hill* (1969) 70 Cal.2d 678, 692 [76 Cal.Rptr. 225, 452 P.2d 329], italics omitted; *People* v. *Darling* (1962) 58 Cal.2d 15, 19 [22 Cal.Rptr. 484, 372 P.2d 316]; *People* v. *Mattson, supra,* 51 Cal.2d at p. 789; *People* v. *Miranda* (1987) 44 Cal.3d 57, 75 [241 Cal.Rptr. 594, 744 P.2d 1127]; *People* v. *Moore* (1988) 47 Cal.3d 63, 77-78 [252 Cal.Rptr. 494, 762 P.2d 1218].) ■ A defendant represented by counsel may participate in the presentation of a case only in the sound discretion of the trial judge. (*People* v. *Hill, supra,* 70 Cal.2d at p. 692; *People* v. *Miranda, supra,* 44 Cal.3d at p. 76; see also *People* v. *Davis* (1984) 161 Cal.App.3d 796, 802, fn. 2 [207 Cal.Rptr. 846].) But such discretion is to be exercised cautiously. "The court, however, should not permit a litigant both to have counsel and to actively participate in the conduct of the case . . . unless the court on a substantial showing determines that in the circumstances of the case the cause of justice will thereby be served and that the orderly and expeditious conduct of the court's business will not thereby be substantially hindered, hampered or delayed." (*People* v. *Mattson, supra,* 51 Cal.2d at p. 797; *People* v. *Hamilton* (1989) 48 Cal.3d 1142, 1162-1163 [259 Cal.Rptr. 701, 774 P.2d 730].)

While *Mattson* and its progeny were decided before *Faretta,* the latter decision has not altered the rule "that a defendant is not entitled to counsel who will but serve jointly or alternatively with him, at his pleasure, in presenting his case to the jury." (*People* v. *Wheeler* (1977) 68 Cal.App.3d 1056, 1059 [137 Cal.Rptr. 791]; *People* v. *Miranda, supra,* 44 Cal.3d at pp. 75-76.) To the contrary, *Faretta* simply affirmed the "right to proceed *without* counsel." (*Faretta* v. *California, supra,* 422 U.S. at p. 807 [45 L.Ed.2d at p. 566], italics in the original.) As the *Hamilton* court recently explained: "A criminal accused has only two constitutional rights with respect to his legal representation, and they are mutually exclusive. He may choose to be represented by professional counsel, or he may knowingly and intelligently elect to assume his own representation. (E.g., *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) An accused who chooses professional representation, rather than self-representation, has no right to participate as cocounsel." (*People* v. *Hamilton, supra,* 48 Cal.3d at p. 1162.)

In our view, nothing in *Keenan* changes these principles. There, appointed counsel in a capital case sought appointment of a second attorney. Our

Supreme Court found authority for such an appointment in section 987 as it then read,[4] holding that the trial court's discretion on such a motion must be guided by the need to provide a full and complete defense to a capital defendant. (*Keenan* v. *Superior Court, supra,* 31 Cal.3d at p. 431.) In exercising its discretion, the trial court must weigh "the importance this court has attached to pretrial preparation in providing a criminal defendant effective legal assistance" (*ibid.*) and "must focus on the complexity of the issues involved, keeping in mind the critical role that pretrial preparation may play in the eventual outcome of the prosecution." (*Id.,* at p. 432.)

Appointed counsel in *Keenan* had "presented the trial court with specific facts and argument" in support of the motion. (31 Cal.3d at p. 432.) Counsel, through declarations, outlined the factual and legal complexity of the case (which included the necessity to interview some 120 witnesses, anticipated scientific and psychiatric testimony, and the fact of other pending charges against Keenan) as well as the inherent problem presented by preparation for guilt and penalty phases in any capital case which is "a mammoth responsibility." (*In re Hall* (1981) 30 Cal.3d 408, 434 [179 Cal.Rptr. 223, 637 P.2d 690]; *Keenan* v. *Superior Court, supra,* at p. 432.) Our high court found that these reasons justified appointment of a second attorney.

■ But relief herein under *Keenan* principles is not available for the simple reason that petitioner is not an attorney. By electing to exercise his *Faretta* rights, petitioner has abandoned his constitutional right to counsel in favor of his right to self-representation. (*People* v. *Hamilton, supra,* 48 Cal.3d at pp. 1162-1163, 1164-1165.) The fact that, under certain circumstances, California law affords a capital defendant's counsel the right to cocounsel is of no legal consequence herein.

Nor are we persuaded that principles of equal protection require the result urged by petitioner. " 'The concept of equal protection of the laws compels recognition of the proposition that persons *similarly situated* with respect to the legitimate purpose of the law receive like treatment.' [Citation.]" (*People* v. *Hughes* (1980) 112 Cal.App.3d 452, 458 [169 Cal.Rptr. 364].) As we have seen, petitioner misses the point that, factually, he is not similarly situated to a defendant who has exercised his right to counsel. Our highest court has cogently observed: "When an accused manages his own

---

[4]The rule enunciated in *Keenan* has been codified by amendments to section 987 (Stats. 1984, ch. 1109, § 3, pp. 3735-3736) with the addition of subdivision (d) which provides that "[i]n a capital case, the court may appoint an additional attorney as a cocounsel upon a written request of the first attorney appointed. The request shall be supported by an affidavit of the first attorney setting forth in detail the reasons why a second attorney should be appointed. Any such affidavit filed with the court shall be confidential and privileged. The court shall appoint a second attorney when it is convinced by the reasons stated in the affidavit that the appointment is necessary to provide the defendant with effective representation. If the request is denied, the court shall state on the record its reasons for denial of the request."

defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." (*Faretta* v. *California, supra,* 422 U.S. at p. 835 [45 L.Ed.2d at p. 581].)

Moreover, virtually all of the tasks petitioner urges in support of his request for *Keenan* counsel—interviewing witnesses, including experts, aiding in obtaining his own expert witnesses, preparation of mitigating evidence at the penalty phase of the trial, assistance in challenging the special circumstance allegation—may be accomplished with the assistance of investigators and advisory counsel, resources now available to petitioner. Indeed, petitioner conceded at oral argument that he would request his present advisory counsel, Mr. Balliet, be appointed as *Keenan* counsel if this court were to issue writ relief. And there is nothing in *Mattson* or its progeny which prevents respondent court, in its discretion, from granting a specific and limited request, upon a proper showing,[5] to allow advisory counsel, Mr. Balliet, to question specific witnesses. (*People* v. *Hamilton, supra,* 48 Cal.3d at p. 1164-1165.)

Finally, petitioner argues that because the county private defender program assigned two attorneys to his case with the court's consent, he is automatically entitled to *Keenan* counsel. As we have shown, however, his status changed when he elected to represent himself and proceed without counsel. Thus, resolution of his request for appointment of *Keenan* counsel is governed by the principles enunciated in *Mattson* and its progeny, and judicial determination concerning appointed counsel's needs are wholly irrelevant to petitioner's request.

## CONCLUSION

The peremptory writ is denied, and the alternative writ is discharged. The stay of trial previously imposed shall remain in effect until this opinion becomes final.

Holmdahl, J., and Stein, J., concurred.

A petition for a rehearing was denied August 22, 1989, and petitioner's application for review by the Supreme Court was denied October 26, 1989. Mosk, J., and Broussard, J., were of the opinion that the application should be granted.

---

[5] See *People v. Mattson, supra,* 51 Cal.2d at page 797.