[No. D019658. Fourth Dist, Div. One. Jan. 27, 1994.]

TERRY DRAKE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ALAN B. CLEMENTS, as Commissioner, etc., et al., Real Parties in
Interest.

**COUNSEL**

Terry Drake, in pro. per., for Petitioner.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Pamela T. Jones, Deputy County Counsel, for Respondent and for Real Parties in Interest.

**OPINION**

**WORK, Acting P. J.**—In this case we must decide whether the long-standing, statutory prohibition against the practice of law by persons not admitted to the bar has been abrogated by the more recently adopted Uniform Statutory Form Power of Attorney Act (Power of Attorney Act).

(Civ. Code,[1] §§ 2475-2499.5, added Stats. 1990, ch. 986 (Sen. Bill No. 1777).) We specifically address the broad powers relating to the authority of an attorney in fact in matters of claims and litigation set forth in section 2494. That statute reads:

"In a statutory form power of attorney, the language with respect to claims and litigation empowers the agent to do all of the following:

"(a) Assert and prosecute before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, cross-complaint, or offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief.

"(b) Bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae.

"(c) In connection with litigation:

"(1) Procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use any available procedure to effect, enforce, or satisfy a judgment, order, or decree.

"(2) Perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation.

"(d) Submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation.

"(e) Waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation.

"(f) Act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or

---

[1]All statutory references are to the Civil Code unless otherwise specified.

some other person, or with respect to a reorganization proceeding, or with respect to an assignment for the benefit of creditors, receivership, or application for the appointment of a receiver or trustee which affects an interest of the principal in property or other thing of value.

"(g) Pay a judgment against the principal or a settlement made in connection with litigation and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation."

For the following reasons we conclude, despite the broad language, the Power of Attorney Act does not permit attorneys in fact to engage in legal activities clothed only with a power of attorney.

### Factual and Procedural Background

Tina Posey signed a printed form giving Terry Drake a power of attorney permitting him to act for her in matters relating to judicial claims and litigation as stated in section 2494. Representing himself on the pleading as the attorney in fact for Tina, Drake attempted to obtain a family court stay-away order, order to show cause and temporary restraining order prohibiting Paul Posey from contacting Tina or coming within 100 yards of Tina's home. When he appeared, a court commissioner told him only Tina or her lawyer could appear to obtain the order and refused to let Drake make the appearance.

Susanne Forster also signed a form giving Drake a power of attorney for claims and litigation. Purporting to be attorney in fact for Susanne who was herself "in pro. per." in her dissolution action, Drake filed a document entitled "amicus curiae" brief urging placement of son Jason with Susanne, and attempted to appear at the hearing on Susanne's behalf. Judge Mason refused to let Drake make the appearance, and ordered Drake's document stricken, noting it was more an unverified declaration extolling Susanne's parental virtues than a legal brief.[2]

Drake's petition for writ of mandate asks us to order the lower court to honor his authority under the Power of Attorney Act, accept his amicus curiae brief for filing, and recalendar the child placement hearing. We issued an order to show cause.

### Discussion

 Drake theorizes since (1) a principal may appear in propria persona in a lawsuit, (2) the statutory form power of attorney authorizes him to act as

---

[2]We have read the "brief." The court's description is accurate and it acted properly in striking it for procedural reasons unrelated to the issues germane to this appeal.

agent for his principals in litigation, and (3) Tina and Susanne are his principals, he may step into Tina's and Susanne's shoes and appear for them in the litigation without a lawyer. He also argues the broad powers of attorney contained in section 2494 authorize him to act as amicus curiae and file a brief in Susanne's case. Finally, in an argument made for the first time in his unsolicited reply brief, Drake contends prohibiting nonlawyer representation of litigants is unconstitutional.

Drake's position is rife with problems. As a preliminary matter aside from the procedural irregularities,[3] we note that, while Tina and Susanne may appear in their own actions in propria persona, Drake may not. By definition, one cannot appear in "propria" persona for another person.

Drake suggests, however, that he may practice law on behalf of in propria persona litigants since that portion of the Power of Attorney Act setting forth powers with which a designee may be endowed expressly authorizes him to "[a]ssert and prosecute before a court or administrative agency a claim [or] cause of action" for his principals (§ 2494, subd. (a)), "[b]ring an action to determine adverse claims, intervene in litigation and act as amicus curiae" (§ 2494, subd. (b)), and "appear for [his principals] . . . in connection with the prosecution, settlement or defense of a claim or litigation" (§ 2494, subd. (e)).

We should not interpret statutes in a manner that will result in "mischief or absurdity." (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) Accepting Drake's construction invites just such a result: his interpretation of the Power of Attorney Act is inconsistent with laws prohibiting the unauthorized practice of law and would sanction criminal conduct. (Bus. & Prof. Code, §§ 6125, 6126.)

■ Since the passage of the State Bar Act in 1927, it has been well settled that persons may represent their own interests in legal proceedings but may not " ' "practice law [for another] in this State unless [they are] active member[s] of the state bar." ' " (*J.W.* v. *Superior Court* (1993) 17 Cal.App.4th 958, 965 [22 Cal.Rptr.2d 527], quoting *Abar* v. *Rogers* (1981) 124 Cal.App.3d 862, 865 [177 Cal.Rptr. 655], and Bus. & Prof. Code, § 6125.) Prohibiting unlicensed practice is within the "police power [of the state] and is designed to assure the competency of those performing [legal] services." (*J.W.* v. *Superior Court, supra,* 17 Cal.App.4th at p. 969.) In line with that prohibition, courts have held, among other examples, that a non-attorney mother cannot represent her minor son in propria persona in a

---

[3]Courts do not generally recognize individuals who are neither attorneys of record nor parties and have not formally substituted into the action or otherwise moved to intervene.

paternity action (*ibid.*), a juvenile cannot have his nonlawyer father assist in his defense or represent him (*In re Gordon J.* (1980) 108 Cal.App.3d 907, 914 [166 Cal.Rptr. 809, 11 A.L.R.4th 711]), and a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate (*City of Downey* v. *Johnson* (1968) 263 Cal.App.2d 775, 779 [69 Cal.Rptr. 830]).

■■■ Long before passage of the Power of Attorney Act,[4] the law distinguished between an attorney in fact and an attorney at law and emphasized that a power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law. (*People* ex rel. *Dept. of Public Works* v. *Malone* (1965) 232 Cal.App.2d 531, 536-537 [42 Cal.Rptr. 888].) As explained in *Malone*, "If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation." (*Ibid.*)

Nothing in the Power of Attorney Act changes this rule. As the California Law Revision Commission recognized, the authority of attorneys in fact under section 2494 is restricted—it is "subject to conditions of fact and law that exist outside this chapter." (Recommendation Relating to Uniform Statutory Form Power of Attorney Act (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 401.) One such law existing outside the chapter is the State Bar Act's prohibition against the practice of law by nonlawyers.

Moreover, as stated in a recent Attorney General opinion, none of the enumerated powers in section 2494 expressly allows attorneys in fact to practice law. (76 Ops.Cal.Atty.Gen. 208 (1993).) "[N]othing in the language of the statute allows the agent to undertake such functions as preparing legal pleadings and arguing matters before a judge or jury. We note in this regard that section 2494 authorizes the agent to 'verify pleadings' and to 'contract and pay for the preparation . . . of . . . briefs. . . .' If the agent's powers with regard to the preparation of legal pleadings and briefs were plenary, the Legislature presumably would not have specified the more limited acts of *verifying* pleadings and *paying* for briefs." (76 Ops.Cal.Atty.Gen., *supra*, at p. 212, italics in original.) Similarly, section 2494 authorizes an attorney in fact to " '[p]erform any lawful act' " in connection with litigation but it is unlawful—a misdemeanor under Business and Professions Code section 6126—for an unlicensed individual to practice law. (76 Ops.Cal.Atty.Gen., *supra*, at p. 212.)

---

[4]Section 2475 et seq. was passed in 1990 (Stats. 1990, ch. 986 (Sen. Bill No. 1777)). The predecessor statute to "Claims and litigations" section 2494 (formerly designated § 2468) was passed in 1984 (Stats. 1984, ch. 602, § 1, pp. 2294-2322).

Accordingly, we conclude Drake may not use the statutory form power of attorney as a device to practice law for his principal.[5]

As a postscript, we note that Drake's new constitutional arguments—raised as they are for the first time in the litigation by way of the reply brief in the writ proceeding—are not properly before the court. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 496, p. 484.) In context, his arguments are (1) a free-ranging claim that his rights are violated by legislative restrictions on his practice of law; and (2) an assertion that in propria persona litigants' First Amendment rights to speak for themselves through nonlawyer attorneys in fact are violated. The first argument has been rejected repeatedly. (*In re Admission to Practice Law* (1934) 1 Cal.2d 61, 67 [33 P.2d 829]; *Brydonjack* v. *State Bar* (1929) 208 Cal. 439, 442-443 [281 P. 1018, 66 A.L.R. 1507].) The second argument is one only the in propria persona litigants have standing to raise. Neither Tina nor Susanne is a party to this proceeding.

The petition is denied.

Froehlich, J., and Nares, J., concurred.

---

[5]By practice of law, we do not intend to include clerical functions such as delivering and filing pleadings with the clerk. (See *People* v. *Landlords Professional Services* (1989) 215 Cal.App.3d 1599, 1608 [264 Cal.Rptr. 548].)