29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Morese Wardell TYLER, Petitioner-Appellant,
v.
Robert Glen BORG, Warden, Respondent-Appellee.
 No. 93-55466.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided June 6, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Morese Wardell Tyler ("Tyler") appeals pro se the district court's denial of his petition for habeas corpus.
 
 
 3
 Tyler's first trial in state court resulted in a hung jury. At his second trial, a jury convicted Tyler of burglary, robbery, attempted robbery, and a weapons enhancement with priors. Tyler represented himself at both trials. Before the second trial, Tyler made two motions for "appointment of co-counsel," which are the subject of the instant appeal.
 
 
 4
 After exhausting his state remedies, Tyler filed a petition for a writ of habeas corpus in the district court on April 23, 1987. On March 7, 1989, the district court entered judgment dismissing Tyler's petition on the merits. Tyler appealed this judgment, and on May 1, 1991, we filed a memorandum disposition, remanding Tyler's case to the district court for a determination of whether the trial court denied him representation by counsel. Tyler v. Borg, No. 89-55585, 1991 WL 67106, 1991 U.S.App. LEXIS 9438 (9th Cir. May 1, 1991). We also remanded Tyler's Fourth Amendment claim pending the district court's determination of his Sixth Amendment claim. Id.
 
 
 5
 The district court entered judgment, accepting the magistrate judge's report and recommendation that Tyler was not denied representation and dismissing Tyler's petition on the merits. Tyler filed a timely appeal, contending that the district court erred by dismissing his Fourth and Sixth Amendment claims, and the district court entered an order granting a certificate of probable cause to appeal and allowing Tyler to prosecute his appeal in forma pauperis.
 
 
 6
 We review de novo the denial of a petition for habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). Under 28 U.S.C. Sec. 2254(d), we presume correct a state trial or appellate court's factual conclusions and will defeat that presumption only if one of the circumstances listed in Sec. 2254(d)(1) to (7) exists, the record does not fairly support the factual determination, or the petitioner shows by convincing evidence that the determination is erroneous. 28 U.S.C. Sec. 2254(d) (1988); Collazo v. Estelle, 940 F.2d 411, 414-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992); Tinsley v. Borg, 895 F.2d 520, 524 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). When a petitioner demonstrates that a trial error has been committed, we normally reverse only if "the error 'had [a] substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). By contrast, when the petitioner demonstrates a "structural defect[ ] in the constitution of the trial mechanism," such as denial of a right to counsel, we are required to reverse without regard to the evidence in the particular case. Sullivan v. Louisiana, 113 S.Ct. 2078, 2082-83 (1993) ("structural defects" in state trial not subject to harmless error analysis upon habeas review) (internal quotations omitted); see Rose v. Clark, 478 U.S. 570, 577 (1986) (complete denial of right to counsel among constitutional errors that require reversal on habeas review without regard to the evidence in the particular case).
 
 
 7
 Tyler contends that the state trial court violated his Sixth Amendment right to counsel because it failed to appoint counsel to represent him at his second trial after he made two motions for appointment of counsel. The state trial and appellate courts and the district court determined that Tyler was merely requesting the court to appoint an attorney to help Tyler present his defense at his second trial. In Tyler's first federal appeal, because the district court record did not contain the motions Tyler made before the state trial court, we remanded the issue for "the district court to determine whether Tyler requested, in his motions, to be represented by counsel at his second criminal trial." Tyler, 1991 WL 67106, at * 2, 1991 U.S.App. LEXIS 9438, at * 4. On remand, the district court adopted the magistrate's finding that "it was more than reasonable for the trial court to construe petitioner's request as a motion for co-counsel and not complete representation by counsel."
 
 
 8
 Tyler argues that although he titled his motions as a "Request for the Appointment of Co-Counsel" and a "Motion to Review and Reconsider Appointment of Co-Counsel," the court should have construed his requests as ones for the appointment of counsel and not merely co-counsel. Tyler contends that he mistakenly labeled his motions for the "appointment of co-counsel" but that they were clearly requests for the appointment of counsel to represent him at his second trial. Tyler argues that he thought he had to request "co-counsel" to maintain his pro se status for matters from his first trial that were pending before the California appellate courts.
 
 
 9
 On remand, the magistrate considered the language Tyler used in his motions. In his first motion, Tyler stated that he
 
 
 10
 will move this Honorable Court for the appointment of Co-Counsel to assist in the preparation and deliverance of an adequate and competent defense.
 
 
 11
 Such appointment is to necessitate the defense in cross-examination of the defendant, upon his testifying in his own behalf, thus allowing DIRECT EXAMINATION of the accuse, rather than to put the accuse/defendant in the position of giving a narative account ...
 
 
 12
 Defendant request the services of the Public Defender Office in this matter. Such appointment is requested as assistance of counsel (Co-Counsel) and not to bar or fore-close upon defendant's Propria Persona Status. Defendant's Pro-Per status is necessary to the defendant and his defense. To maintain the use of the Legal Library at the county jail. Defendant is presently upon appeal of decision from this Court and the Court of Appeal to the California Supreme Court on motion pursuant to violation of his 4th Amendment rights, and the need and necessity of the Legal Library is of paramount importance. Also the appointment of counsel at trial stages, leave counsel unfamiliar with defendant's case, which at this very moment is upon appeal.
 
 In his second motion, Tyler stated that he
 
 13
 requested the appointment of assistance of counsel to help prepare his up-coming defence and New-Trial....
 
 
 14
 This request was founded on the fact that (1) The defendant acting Propria Persona during his first trial, was inaffected in his own defense and did not adequaetly represent the accuse or the issue of that trial. (2) That the defendant is presently pursuing an appeal on the issues of his 1538.5 motion, which was heard and denied before the trial. Such appeal requires the use of the legal Library at the County Jail. This use of the Legal Library is founded upon the Pro-Per statutes granted by the court to the defendant at his first trial. To forclose or give up this right, will in effect leave the defendant without the necessary an effective aid (use of the Legal Library) upon his pending appeal, denying him due process. (3) The requested assistance of co-counsel is also paramount to the defense of the Defendant, in as much as it removes the requirement that the Defendant in taking the stand in his own behalf, need not nairate in a story form, what did or did not occure during said crime, but to direct his answers to specific question directed to him by co-counsel....
 
 Cause to Consider
 
 15
 Defendant while yet persuing his appeal, requires the use of the Legal Library. Defendant also needs the services of an Attorney. It is beyond his ability to conduct an adequate defence alone. His Pro-Per status is paramount in one stage of the proceeding, his appeal, of which any appointed attorney has no knowledge of or involvment. Thus it is requested by the defendant that this court appoint the services of a state appointed counsel to assist in the defense of the defendant.
 
 
 16
 During a hearing before the state trial court on August 9, 1983, the court questioned Tyler on his requests.
 
 
 17
 THE COURT: And are you also requesting counsel be appointed?
 
 
 18
 THE DEFENDANT: Yes.
 
 
 19
 THE COURT: To assist you?
 
 
 20
 THE DEFENDANT: Yes.
 
 
 21
 The state trial court premised the denial of Tyler's motions on the fact that he requested co-counsel, something he was not entitled to under the law. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (pro se defendant not entitled to hybrid representation); Adams v. Carroll, 875 F.2d 1441, 1445 (9th Cir.1989) (court may deny request for self-representation with co-counsel because "pro se defendant does not have constitutional right to such 'hybrid' representation") (citing McKaskle, 465 U.S. at 183); People v. Gordon, 166 Cal.Rptr. 809, 814 (Cal.App.1980) (defendant in this state has never been entitled to either joint counsel or advisory counsel) (citations and internal quotations omitted).
 
 
 22
 The state court's finding that Tyler's request was for co-counsel was erroneous; therefore his motion should have been granted. Although both the state trial court and the California Court of Appeal construed the motions as requests for co-counsel, the finding made by the state courts is not entitled to a presumption of correctness, as it is not fairly supported by the state court record, and Tyler has shown by convincing evidence that the factual determination made by the state courts is erroneous.
 
 
 23
 Tyler waived his right to counsel before his first trial; however, in moving the court for "co-counsel," Tyler was requesting counsel for his second trial. Whether Tyler had a proper pro se appeal, from the denial of his 1538.5 motion before his first trial, pending before the California appellate courts is irrelevant, since the appeal and the retrial were two separate matters. Tyler still could affirmatively request representation by counsel for his second trial. See Arnold v. United States, 414 F.2d 1056, 1059 (9th Cir.1969) (A valid waiver carries forward through all stages of a case unless a defendant expressly requests appointment of counsel in a later stage.), cert. denied, 396 U.S. 1021 (1970).
 
 
 24
 Tyler's requests for the "appointment of co-counsel" were express requests for counsel at his second trial, and thus, his prior waiver of counsel before his first trial was no longer valid for his second trial. Although Tyler improperly titled his motions and included language about maintaining his pro se status for an appeal, he explicitly stated that "[s]uch appointment is requested as assistance of counsel" and mentioned pro se status only with respect to his pending appeal. Tyler also stated in his second motion that "it is requested by the defendant that this court appoint the services of a state appointed counsel to assist in the defense of the defendant." And, when questioned by the court as to whether he wanted the court to appoint counsel to assist him, Tyler replied, "yes." The Sixth Amendment guarantees the right to the assistance of counsel, and the state trial court denied Tyler that right for his second trial.
 
 
 25
 Because the denial of the Sixth Amendment right to counsel is not subject to a harmless error analysis, Sullivan, 113 S.Ct. at 2082-83; Rose, 478 U.S. at 577, we must reverse Tyler's conviction and need not address his other arguments.
 
 
 26
 We reverse the district court's denial of the writ of habeas corpus and remand to the district court to grant the writ reversing Tyler's conviction and allowing the state to retry him if it so chooses. See Armant v. Marquez, 772 F.2d 552, 558 (9th Cir.1985).
 
 
 27
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3