Filed 12/31/14  Pratt v. Jack in the Box CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KENNETH PRATT et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> JACK IN THE BOX, INC., et al., <br><br>     Defendants and Respondents. | A139960 <br><br> (Alameda County <br> Super. Ct. No. RG12647437) |

      Plaintiffs Kenneth Pratt and Cleo Dixon (collectively, plaintiffs), acting in propria persona (pro. per.), filed a putative class action against defendant Jack in the Box, Inc., and others (collectively, defendants) alleging that defendants overcharged them for a small combination meal that was upgraded to include large fries and a large drink.  On appeal from a judgment of dismissal, plaintiffs contend the trial court (1) erred in denying their peremptory challenge to the assigned judge, (2) abused its discretion in sustaining the defendants' demurrer without leave to amend, and (3) abused its discretion in delaying consideration of their motion to compel and in imposing discovery sanctions.  Because we conclude that plaintiffs' contentions lack merit, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

      On September 12, 2012, plaintiffs filed a putative class action complaint against defendants based upon allegations that, during the period from February or March 2012 until the summer of 2012, defendants overcharged customers for a particular "small

1

combo meal" that was upgraded to a "large combo meal."[1]  Plaintiffs have at all times been proceeding without legal representation as pro. per. litigants, including on appeal.[2]

In the original complaint, plaintiffs alleged that defendants advertised a particular small combo meal consisting of a Jr. Jack sandwich, five chicken nuggets, small fries, and a small drink for $3.99 before tax.  Plaintiffs further alleged that defendants had a policy of charging 89 cents to upgrade any small combo meal to a large combo meal—an upgrade that allegedly consisted of substituting large fries and a large drink for small fries and a small drink.  Plaintiffs claimed that defendants charged more than 89 cents for upgrading the specific small combo at issue to a large combo during the relevant time frame.  According to the original complaint, an unidentified "Doe #1" claimed to have spoken with defendants' employees and expressed the view that he was overcharged $1.85 when his small combo meal was upgraded to a large combo meal.  Plaintiffs alleged that defendants' employees denied overcharging Doe #1.

Based in part on these allegations, plaintiffs asserted causes of action for a violation of the Unfair Competition Law (UCL) (Bus. & Prof. Code, § 17200), violation of the false advertising law (Bus. & Prof. Code, § 17500), fraud, deceit, and unjust enrichment.  On September 13, 2012, the day after plaintiffs filed their original

---

[1]Plaintiffs originally sued Jack in the Box, Inc.—erroneously identified as Jack in the Box Restaurant Corporation—along with certain franchised restaurants identified by restaurant number.  In the operative second amended complaint, plaintiffs named as defendants certain business entities that allegedly owned the franchised restaurants previously identified by restaurant number.  Although plaintiffs refined their description of the defendants with each successive complaint, it is unnecessary for purposes of our analysis to specify the entities that were named as defendants at any particular stage of the litigation.

[2]The plaintiffs in the trial court were Kenneth Pratt, Cleo Dixon, and Jonathan Shepard.  Shepard is not a party to this appeal.  He did not file a notice of appeal, did not pay an appellate filing fee, and did not seek a waiver of the filing fee on appeal.  Moreover, although his name is listed on certain appellate briefs, he did not sign any briefs or other documents filed on appeal.  Any reference in this opinion to "plaintiffs" is limited to the parties to this appeal, Pratt and Dixon.  We use the term "plaintiffs" to refer to both Pratt and Dixon except where necessary to distinguish between them.

complaint, the trial court assigned Judge Gail Brewster Bereola to the case for all purposes.

Defendants filed a demurrer and motion to strike in November 2012. The court rejected the pleading on the ground it was filed on behalf of entities (owners of individual restaurant franchises) that were not named as defendants in the original complaint.

Before any further activity occurred with respect to the original complaint, plaintiffs filed a first amended complaint in early December 2012. It appears that the amendments to the original complaint were prompted by the filing of the demurrer and motion to strike. Among other things, plaintiffs named as defendants the entities that owned particular restaurant franchises, omitted the cause of action for unjust enrichment, and added causes of action under the California Legal Remedies Act (CLRA) (Civ. Code, § 17500 et seq.) and for a breach of the "duty of care" under the UCL.

On January 3, 2013, defendants filed a demurrer to the first amended complaint or, in the alternative, moved to strike class allegations contained in the first amended complaint. Among other things, defendants argued that the class allegations in the first amended complaint were fundamentally flawed and that plaintiffs, as pro. per. litigants, could not adequately represent the putative class. Defendants also argued that the fraud-based causes of action failed to specify what had been represented to plaintiffs, why it was false, and how or whether any plaintiff had actually relied on any purported representation. Defendants pointed out that an unidentified "Doe #1" was the only person identified as having any actual communications with defendants' employees concerning the charges. With regard to the cause of action for breach of duty of care under the UCL, defendants argued that negligence is not an unlawful, unfair, or fraudulent business act or practice under the UCL. Finally, defendants contended that plaintiffs had failed to plead facts necessary to support a request for punitive damages.

While defendants' demurrer to the first amended complaint was pending, plaintiffs Pratt and Dixon filed separate motions to compel further responses to discovery served on defendants. Defendants opposed the motions on the grounds their objections to plaintiffs' discovery were meritorious, plaintiffs' contentions in their motions were

3

demonstrably false, and the motions failed to comply with applicable rules of court. Defendants also argued the motions were premature and frivolous in that the pending demurrer would substantially streamline or resolve the case in its entirety. Defendants sought discovery sanctions against plaintiffs on the grounds the motions had no merit and lacked substantial justification.

On April 10, 2013, the trial court issued a tentative ruling granting the motion to strike and sustaining with leave to amend the demurrer to the first amended complaint. Plaintiffs appeared the following day to contest the tentative ruling and made an oral request to peremptorily challenge and remove Judge Brewster Bereola pursuant to Code of Civil Procedure section 170.6. Judge Brewster Bereola denied the request as untimely.

Following the hearing on April 11, 2013, the court adopted its tentative ruling granting the motion to strike and sustaining the demurrer with leave to amend. After noting that a pro. per. plaintiff is not qualified to represent others and cannot adequately represent a class, the court agreed to strike class claims and allegations from the first amended complaint. The court's order states: "Until such time as plaintiffs have obtained legal representation they will not be permitted to pursue class claims." In a separate order entered on April 11, 2013, the court declined to rule on plaintiffs' pending discovery motions until the pleadings were settled and continued the matter until June 2013.

On April 16, 2013, plaintiffs filed a written motion pursuant to Code of Civil Procedure section 170.3 to disqualify Judge Brewster Bereola for cause. Fundamentally, plaintiffs argued that Judge Brewster Bereola erred in denying their peremptory challenge pursuant to Code of Civil Procedure section 170.6. Plaintiffs also complained about the court's ruling granting the motion to strike and sustaining the demurrer with leave to amend, arguing that it was practically impossible to obtain legal representation to assert class claims within the limited period allowed by the court to amend the first amended complaint. In an order filed April 24, 2013, Judge Brewster Bereola ordered the challenge for cause filed by plaintiffs stricken. The court noted that the statement of disqualification was not properly verified. The court also stated there were no legal

4

grounds for disqualification because a judge's rulings cannot serve as the basis for a challenge for cause under Code of Civil Procedure section 170.3.

Plaintiffs filed a second amended complaint on April 26, 2013. Despite the court's ruling that plaintiffs would not be permitted to pursue class claims until they had obtained legal representation, they once again included class-wide allegations and sought relief on behalf of a putative class. The operative second amended complaint includes causes of action for (1) violation of the UCL (Bus. & Prof. Code, § 17200), (2) violation of the CLRA (Civ. Code, § 1750 et seq.), (3) violation of the false advertising law (Bus. & Prof. Code, § 17500), (4) fraud, (5) deceit, (6) negligence, and (7) declaratory relief.

On May 22, 2013, defendants filed a demurrer to the second amended complaint or, in the alternative, a motion to strike class and punitive damage allegations. Among other things, defendants argued that the class allegations in the pro. per. second amended complaint violated the court's order of April 11, 2013, and they urged that the second amended complaint did not rectify the defects in the first amended complaint.

In three separate orders dated June 13, 2013, the trial court denied plaintiffs' motions to compel further responses to various discovery requests.[3] In its written orders, the court reasoned that the discovery at issue was "vague, ambiguous and unintelligible" and found that defendants' objections were "warranted" and "appropriate." The court also explained that plaintiffs had failed to establish that they engaged in "meaningful meet and confer efforts prior to filing [the] motion[s]," stating that "[s]ending an initial letter demanding responses within ten days without any attempt to clarify the discovery in the face of objections and sending a follow up letter threatening a motion to compel is not sufficient." The court directed plaintiff Pratt to pay discovery sanctions of $500 and $250, respectively, with regard to motions to compel he filed in December 2012 and

---

[3]The record contains multiple copies of nearly identical minute orders filed on June 13, 2013. Our review indicates there are three distinct orders, with two addressed to motions to compel filed by plaintiff Pratt and one addressed to motions to compel filed by plaintiff Dixon.

5

February 2013.  The court directed plaintiff Dixon to pay discovery sanctions of $250 with respect to motions to compel she had filed in February 2013.

Plaintiffs filed a motion for "new trial" on June 24, 2013, in which they challenged the trial court's ruling on the discovery motions.  By order dated August 13, 2013, the trial court denied the motion.

On July 10, 2013, plaintiff Pratt filed another peremptory challenge to Judge Brewster Bereola pursuant to Code of Civil Procedure section 170.6.  By order dated July 12, 2013, the trial court denied the peremptory challenge.

The court conducted a hearing on defendant's demurrer and motion to strike directed at the second amended complaint on August 13, 2013.  In a written order filed on that same date, the court ordered class claims in the second amended complaint stricken without leave to amend.  The court reasoned:  "Plaintiffs have not obtained counsel and have nonetheless included class action claims in the second amended complaint.  [¶] Notably, all claims alleged [in the second amended complaint] incorporate by reference the class allegations. . . .  Plaintiffs have not offered any justification for repeating class claims despite the court's prior order and the law prohibiting such claims by Plaintiffs."  The court also sustained without leave to amend the demurrer to the entire second amended complaint.  The court explained that the second amended complaint is "vague and unintelligible," that the fraud claims are not specifically pleaded, and that "Plaintiffs' other claims are insufficient even given the liberal pleading standard."  The court declined to grant leave to amend because plaintiffs failed to meet "their burden of demonstrating how they could amend any cause of action to overcome the deficiencies."  The court dismissed the entire action with prejudice.

Plaintiffs filed a timely notice of appeal from the judgment of dismissal.

### DISCUSSION

At the outset, we observe that plaintiffs' status as pro. per. litigants does not exempt them from the rules of appellate procedure or relieve their burden on appeal.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)  We treat pro. per. litigants like any other party, affording them " 'the same, but no greater consideration than other litigants

6

and attorneys.' " (*Ibid.*)  The judgment is presumed correct on appeal and it is the burden of the party attacking it, whether represented by counsel or proceeding in pro. per., to "affirmatively demonstrate prejudicial error." (*People v. Garza* (2005) 35 Cal.4th 866, 881.)  As an appellate court, we are not required to consider alleged error when the appellant merely complains of error without offering pertinent or intelligible argument to support its position. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119–1120.)

In this case, the appellate briefs filed by plaintiffs are largely unintelligible because of the manner in which they have presented and formatted their arguments. Although certain broad themes are evident, the specific arguments and support for those arguments are not always easy to discern given the scattershot and incoherent manner in which they are presented.  Moreover, it is not always clear whether plaintiffs are stating the underlying facts or describing the position taken by the court or opposing counsel. We have attempted in the ensuing discussion to summarize and address plaintiffs' arguments as best we can.

**1.**      *Challenges to Judge Brewster Bereola*

Plaintiffs claim the trial court lacked legal jurisdiction over them because Judge Brewster Bereola, who was assigned to the case for all purposes, erred in denying their peremptory challenges.  In related arguments, they challenge the trial court's refusal to prepare a settled statement of the hearing at which the court denied their peremptory challenge, and they claim the court erroneously denied their challenge for cause, which was largely based upon the fact the trial court denied their initial peremptory challenge. All of these arguments lack merit, as we explain.

It is well settled that the exclusive means for seeking review of an unsuccessful peremptory challenge pursuant to Code of Civil Procedure section 170.6 is a writ of mandate. (*People v. Hull* (1991) 1 Cal.4th 266, 268; Code Civ. Proc., § 170.3, subd. (d).) Stated differently, an order denying a peremptory challenge is not appealable but instead can only be reviewed by filing a petition for writ of mandate in the appellate court. Consequently, plaintiffs' attacks on the orders denying their peremptory challenges are not cognizable on appeal.  In any event, we note that plaintiffs' peremptory challenges

7

were properly denied as untimely. Section 170.6, subdivision (a)(2) of the Code of Civil Procedure specifies that a peremptory challenge must be made within 15 days of the assignment of a civil action for all purposes to a particular judge. Here, the case was assigned to Judge Brewster Bereola for all purposes in September 2012, yet plaintiffs did not first assert a peremptory challenge until April 2013, long after the 15-day period had run.

Further, because plaintiffs' attack on the denial of their peremptory challenges is not properly before us on appeal, it is unnecessary to consider whether the trial court erred in denying plaintiffs' request for a settled statement of the hearing at which the court denied an oral peremptory challenge. Plaintiffs could have suffered no prejudice as a result of the omission of a settled statement addressing an issue that is not cognizable on appeal.

Insofar as plaintiffs contend the trial court erred in denying their challenge for cause to the assigned trial judge, that claim likewise fails because it, too, must be pursued by way of writ petition and not by appeal. " '[A] timely writ petition is the exclusive avenue for appellate court review whether the judge's disqualification is sought for cause (per CCP § 170.1) or by peremptory challenge (per CCP § 170.6); the ruling is neither directly appealable nor reviewable on appeal from the subsequent final judgment.' " (*D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 849–850, fn. omitted; see *People v. Panah* (2005) 35 Cal.4th 395, 444.)

2.  *Demurrer and Motion to Strike*

Plaintiffs' appellate briefing contains a lengthy challenge to the order sustaining the demurrer, but as far as we can tell, plaintiffs' substantive arguments are limited to the interlocutory order of April 11, 2013, in which the court sustained with leave to amend the demurrer to the first amended complaint.[4] Their primary argument appears to be that

---

[4]In their reply brief on appeal, plaintiffs specifically challenge the August 2013 order striking class allegations and sustaining the demurrer to the second amended complaint without leave to amend. The arguments are largely indecipherable but, in any

8

defendants mischaracterized the allegations of the first amended complaint in contravention of the principle that factual allegations must be accepted as true when ruling on a demurrer. Plaintiffs also contend that defendants "violated the law" and misled the court by requesting judicial notice of the original complaint at the time they filed their demurrer to the first amended complaint.

Arguments focused upon the adequacy of the first amended complaint are not within the scope of our review. Although an order sustaining a demurrer is generally reviewable in an appeal from the final judgment, "[t]he sufficiency of an entirely superseded pleading . . . is not considered on review." (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425.) In this case, the first amended complaint was entirely superseded by the second amended complaint. Consequently, on appeal we do not consider the sufficiency of the first amended complaint. Our review is limited to the legal sufficiency of the second amended complaint. Because plaintiffs' arguments are focused upon the superseded first amended complaint and the claim that defendants somehow mischaracterized that pleading, we disregard those claims.

Although plaintiffs reference the demurrer to the second amended complaint and mention the adequacy of the class claims, it is difficult to discern any coherent legal challenge to the ruling striking the class allegations and sustaining the demurrer to the second amended complaint. Plaintiffs repeat the allegations contained in their second amended complaint and appear to suggest they can pursue relief on behalf of others without satisfying class action requirements. While we would be justified in treating these claims as waived in view of the lack of pertinent or intelligible legal argument (*Berger v. Godden, supra,* 163 Cal.App.3d at pp. 1119–1120), we briefly address the grounds supporting the demurrer and order striking the class allegations.

On review of an order sustaining a demurrer without leave to amend, we exercise independent judgment in assessing whether the complaint states a cause of action as a matter of law. (*Walgreen Co. v. City and County of San Francisco* (2010)

event, we will treat as waived any arguments raised for the first time in a reply brief. (*In re Marriage of Sheldon* (1981) 124 Cal.App.3d 371, 381.)

9

185 Cal.App.4th 424, 433.) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." ' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) When a demurrer is sustained without leave to amend, we reverse if there is a reasonable possibility an amendment could cure the defect. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) We review an order striking all or part of a pleading for abuse of discretion. (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1141.)

Here, the trial court did not abuse its discretion in striking the class allegations in the second amended complaint. Plaintiffs, as pro. per. litigants, may not represent the legal interests of others. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830– 1831.) The issue of whether a pro. per. plaintiff can sue on behalf of a class is one of adequacy of representation, and a purported class representative who proceeds without legal representation fails to qualify as an adequate representative. (See *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450 [adequacy of representation depends upon whether attorney is qualified to conduct class litigation].) Plaintiffs could not pursue class-wide relief without securing adequate legal representation. Notably, the court afforded plaintiffs the opportunity to retain counsel or to amend the complaint to include class allegations at a later point after plaintiffs had retained counsel. The court ordered the class allegations stricken without leave to amend only after plaintiffs defied the court's order and continued to assert claims on behalf of a putative class despite their failure to retain attorneys to represent them.

Plaintiffs are mistaken in their suggestion that they can pursue a representative action on behalf of others under the UCL (Bus. & Prof. Code, § 17200), the false advertising law (Bus. & Prof. Code, § 17500, or the CLRA (Civ. Code, § 1781 et seq.) without satisfying class action requirements and securing legal representation. Persons pursuing representative actions under the UCL must satisfy the class action requirements of Code of Civil Procedure section 382. (Bus. & Prof. Code, § 17203; *Harper v. 24 Hour Fitness, Inc.* (2008) 167 Cal.App.4th 966, 975.) Identical requirements apply to the false

10

advertising law. (Bus. & Prof. Code, § 17535; *Harper v. 24 Hour Fitness, Inc., supra,* at p. 975.) In addition, under the CLRA, a person seeking relief on behalf of others must satisfy class action requirements, including demonstrating that "the representative plaintiffs will fairly and adequately protect the interests of the class." (Civ. Code, § 1781, subd. (a)(4).)

Stripped of its class allegations and requests for class-wide relief, the second amended complaint is reduced to individual, fraud-based claims involving trivial amounts of money and claimed damages. Aside from repeating the allegations in the second amended complaint, plaintiffs have not demonstrated on appeal that they have stated a viable individual claim for relief or that they could amend the complaint to state a cause of action. Because plaintiffs have not presented any coherent argument why we should reverse the trial court's ruling, we reject their challenge to the trial court's order striking class allegations and sustaining the demurrer to the second amended complaint without leave to amend.

### 3. *Discovery Rulings*

Plaintiffs challenge the trial court's orders denying their motions to compel and imposing discovery sanctions. The precise nature of that challenge is not entirely clear. They appear to argue that their motions to compel were meritorious because defendants failed to specify why the discovery requests were vague, ambiguous, unintelligible, and unduly burdensome. They also appear to suggest that their meet and confer efforts were sufficient and that the court abused its authority in imposing sanctions.

We review the trial court's discovery rulings and orders imposing discovery sanctions for abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733; *New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.) An order imposing discovery sanctions is subject to reversal only for " ' "manifest abuse exceeding the bounds of reason." ' " (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.)

In this case, the trial court properly exercised its discretion in denying the motions based on the facts that (1) the discovery in question was vague, ambiguous, and

11

unintelligible, and (2) plaintiffs had failed to engage in meaningful efforts to meet and confer before filing the motions to compel. The discovery requests were largely incoherent and were primarily addressed to class-wide claims. As an example, in one request for admission, plaintiffs asked defendants to admit that "[p]rior to **During The Relevant time Period Defendant** had information which confirmed that the software program within any Jack in The Box Franchise within the State of California would Charge which purchased an **ITEM#9733** that had been upgraded to a **large combo meal $5.31.**" Query how a party could be expected to admit or deny such an unintelligible request, at least without making a substantial number of assumptions about what plaintiffs were actually seeking to learn. Notably, in their appeal plaintiffs do not defend the content of a single discovery request.

Nor do plaintiffs make any showing on appeal that they engaged in any meaningful meet and confer process before filing their multiple discovery motions. Indeed, they appeared to take the view below, as expressed in one meet and confer letter authored by plaintiff Dixon, that "[i]t would be futile to engage in any meet and confer process" given past dealings with defendants. As to plaintiff Dixon, the trial court observed that "[s]ending a single letter demanding responses without any attempt to clarify the discovery in the face of the objections and threatening a motion to compel is not [a] sufficient [attempt to meet and confer]." The record available to this court indicates that plaintiff Pratt purportedly sent a meet and confer letter to defendants that was never received and then, after 10 days had elapsed, sent a follow up letter to defendants indicating that he was filing motions to compel further responses. As the trial court concluded with respect to plaintiff Pratt, this course of action is hardly suggestive of a good faith effort to meet and confer.

A trial court "shall impose a monetary sanction . . . against any party . . . who unsuccessfully makes . . . a motion to compel further response [to an interrogatory, demand for production, or request for admission], unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Code Civ. Proc., §§ 2030.300, subd. (d), 2031.310,

12

subd. (h), 2033.290, subd. (d).)  Here, the trial court did not abuse its discretion in imposing discovery sanctions against plaintiffs.  Their failure to undertake meaningful meet and confer efforts prior to filing their motions and the impropriety of the discovery requests at issue provided a basis for the sanctions, which were significantly less than defendants sought as compensation for having to respond to the motions.  Therefore, we discern no abuse of discretion meriting reversal of the trial court's discovery rulings and imposition of sanctions.

### DISPOSITION

The judgment is affirmed.  Respondents shall be entitled to recover their costs on appeal.

13

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.