Filed 11/20/23  Stone v. Kim CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CHRISTOPHER STONE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>CHARLES KIM,<br><br>      Defendant and Respondent. | B324466<br><br>Los Angeles County<br>Super. Ct. No. 22STCV00607 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Ann Meiers, Judge.  Affirmed.

Christopher Stone, in pro. per., for Plaintiff and Appellant.

Charles Kim, in pro. per., for Defendant and Respondent.

_____

Christopher Stone, a nonattorney, brought pro. per. Private Attorneys General Act claims (Lab. Code, § 2698 et seq.) (the Act, also sometimes called PAGA) against his former employer,

Charles Kim. The trial court sustained a demurrer, dismissed the case, and awarded costs in Kim's favor. We affirm. A party bringing claims under the Act represents a state agency and nonattorneys cannot represent other entities in court. The costs award was proper because Kim was the prevailing party.

The Act allows employees to file lawsuits on behalf of the state to help the state with labor law enforcement. (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 538 & 545; Lab. Code, § 2699.) Employees sue as proxies or agents of the state's labor law enforcement agency. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986 (*Arias*).) The United States Supreme Court distinguished between representative and individual components of claims under the Act for the issue of arbitrability. (*Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. __, __ [142 S.Ct. 1906, 1916 & 1924–1925] (*Viking*).) The Court noted, however, that all actions under the Act are representative "in that they are brought by employees acting as representatives—that is, as agents or proxies—of the State." (*Id.* at p. __ [142 S.Ct. at p. 1916]; see *id.* at p. __ [142 S.Ct. at p. 1920] [a plaintiff under the Act "represents a single principal, the [state agency]"].) After *Viking*, the California Supreme Court has reaffirmed that employees who bring actions under the Act are proxies or agents of the state. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1116.)

An employee plaintiff represents the same legal right and interest as the state agency: recovery of civil penalties the agency would have assessed and collected. (*Arias, supra*, 46 Cal.4th at p. 986.) A judgment under the Act binds both the employee and the state. (*Ibid.*)

Stone, a nonattorney, cannot represent the state agency. Litigants may represent their *own* interests in civil proceedings. (*Baba v. Board of Supervisors* (2004) 124 Cal.App.4th 504, 522–523.)  Although no California statute codifies this right, California courts have consistently acknowledged it.  (*Ibid.*)  Nonattorneys may not practice law for others, however, without being active members of the bar.  (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830; see also Bus. & Prof. Code, § 6125 [only active licensees of the State Bar may practice law in California].)  By bringing claims under the Act, Stone attempts to represent the state agency.  He cannot do this, for he is not an attorney.

Federal precedents support our outcome.  At least two federal district court opinions in California have found that plaintiffs may not bring pro. per. claims under the Act.  (*Ibrahim v. Morgan Southern, Inc.* (C.D.Cal. Oct. 17, 2018, No. 18-4514-DMG) 2018 WL 5095120; *Sherman v. CLP Resources, Inc.* (C.D.Cal. Aug. 13, 2015, No. 12-8080-GW) 2015 WL 13542749 [discussing issue in context of small claims court].)

Precedent in the analogous federal False Claims Act context is also instructive.  Private people, called relators, can bring qui tam actions under that statute to help uncover fraud against the government.  (*Stoner v. Santa Clara County Office of Education* (9th Cir. 2007) 502 F.3d 1116, 1126 (*Stoner*).)  These relators represent the United States and can bind the United States to their judgments.  (*Id.* at pp. 1126–1127.)  Given the potential binding consequences, the government must have adequate representation.  (*U.S. ex rel. Rockefeller v. Westinghouse Electric Co.* (D.D.C. 2003) 274 F.Supp.2d 10, 16.)  Relators therefore need qualified legal counsel.  (*Ibid.*)  Under Ninth

Circuit precedent, relators may not bring pro. per. actions because the False Claims Act does not expressly authorize such actions, and there is no other legal basis for bringing the actions pro. per. (*Stoner*, at pp. 1126–1127.) A federal statute allows parties to conduct pro. per. litigation in their "own cases," but this does not apply because relators represent the United States. (*Ibid.*)

The False Claims Act reasoning applies to claims under the Act. Plaintiffs under the Act represent and can bind the government, which needs adequate representation. The Act does not expressly authorize pro. per. litigants to bring claims in court. Stone does not identify another legal source for nonattorneys to represent other people or entities under the Act. Pro. per. litigants cannot sue under the Act.

Stone cites *Atherton v. Board of Supervisors* (1986) 176 Cal.App.3d 433 (*Atherton*), but this case does not help him. *Atherton* held that a pro. per. litigant was not an attorney and therefore was not entitled to attorney fees under section 1021.5 of the Code of Civil Procedure. (*Atherton*, at pp. 435–437.) The opinion said nothing about a pro. per. litigant's right to represent a state agency under the Act. Instead, the court affirmed the principle that nonattorneys may not represent others: "As far as we know, a license is still required to represent anyone other than oneself in a court of law." (*Id.* at p. 437.)

Although Stone's complaint sought to recover "on his behalf, on behalf of the State of California, and on behalf of all current and other former aggrieved employees of Defendant," he does not argue he has separate "individual" claims under the Act that he should be allowed to bring in pro. per. We do not address this forfeited argument.

4

The trial court's costs award was proper. The court awarded $1,043.17 in costs against Stone. Unless a statute "expressly provide[s]" otherwise, prevailing parties are entitled to costs "as a matter of right." (Code Civ. Proc., § 1032, subd. (b).) The Act entitles prevailing employees to attorney fees and costs. (Lab. Code, § 2699, subd. (g)(1).) The Act is silent about fees and costs for prevailing defendants, therefore the default rule from the Code of Civil Procedure applies. (Cf. Gov. Code, § 12965, subd. (c) [in Fair Employment and Housing Act case, statute expressly provides no fees or costs to prevailing defendant unless action was frivolous].) Under the default rule, "the court has no discretion to deny costs to the prevailing party." (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129.)

Kim was entitled to costs under Code of Civil Procedure section 1032, subdivision (b) because he prevailed. Stone does not dispute that Kim prevailed. Nor does Stone contest the calculation of the costs. Instead, he argues the costs award was improper because he is indigent and the case was not frivolous. Stone supports this argument with just one case citation: *Garcia v. Santana* (2009) 174 Cal.App.4th 464 (*Garcia*). That case was about the Davis-Stirling Common Interest Development Act (former Civ. Code, § 1350 et seq.), which expressly granted "reasonable" attorney fees and costs to prevailing parties. (*Garcia, supra*, 174 Cal.App.4th at p. 469.) That express provision applied to costs for prevailing parties and meant the default rule did not apply. Here, the default rule applies. Kim is entitled to costs as of right as the prevailing party.

## DISPOSITION

We affirm the judgment and award appellate costs to Charles Kim.


WILEY, J.


We concur:


STRATTON, P. J.


GRIMES, J.