Filed 8/6/24  Feldman v. Aurora Las Encinas, LLC CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CLIFFORD R. FELDMAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>AURORA LAS ENCINAS, LLC et al.,<br><br>    Defendants and Appellants. | B330979<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV24203) |

APPEALS from a judgment of the Superior Court of Los Angeles County.  Michael L. Stern, Judge.  Affirmed in part and dismissed in part.

Sansanowicz Law Group and Leonard Henry Sansanowicz for Plaintiff and Appellant.

Foley & Lardner, Christopher Ward; Reuben Raucher & Blum and Stephen Louis Raucher for Defendants and Appellants.

_____

Plaintiff Clifford R. Feldman (Feldman) brought this representative action under the Private Attorney's General Act (PAGA) against his alleged former employers, defendants Aurora Las Encinas, LLC, and Signature Healthcare Services, LLC. Early in the proceedings, defendants' demurrer and motion for summary judgment/adjudication were denied. However, later in the proceedings, the trial court granted defendants' motion for judgment on the pleadings.

Both parties appeal. Feldman argues that the trial court erred in granting defendants' motion for judgment on the pleadings. Defendants argue that the trial court erred in denying their demurrer and motion for summary judgment.

Because defendants were not aggrieved by the judgment, we dismiss their appeal. (Code Civ. Proc., § 902.) That said, we conclude that the trial court properly granted defendants' motion for judgment on the pleadings and therefore affirm the judgment.

## FACTUAL[1] AND PROCEDURAL BACKGROUND

*Factual background*

Feldman, a psychiatrist, worked for defendants from 2014 through May 31, 2020. According to Feldman, his employment was terminated because he refused to remove his personal protective equipment during the COVID-19 pandemic and blew the whistle on workplace safety issues.

---

[1] "Because this matter comes to us on [a motion for judgment on the pleadings], we take the facts from [Feldman's operative complaint], the allegations of which are deemed true for the limited purpose of determining whether [he] has stated a viable cause of action. [Citation.]" (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885.)

*The pleadings and defendants' demurrer*

On June 26, 2020, Feldman filed the instant action against defendants and two individual defendants. He twice amended his complaint, adding claims under PAGA based on wage and hour violations. Defendants demurred to Feldman's second amended complaint, arguing that Feldman could not be their employee pursuant to the prohibition against the corporate practice of medicine (CPM), and, as such, he could not maintain a PAGA claim against them. The trial court overruled the demurrer.[2]

*The operative pleading*

In July 2021, Feldman filed a fourth amended complaint (FAC), the operative pleading. The FAC pleads 13 causes of action. According to the FAC, defendants misclassified him and other licensed physicians as independent contractors instead of employees. In support, the FAC alleges that defendants controlled the manner and means by which Feldman treated his patients, his work schedule, and the conditions of his employment, and determined the rate and timing of his pay.

Based upon the foregoing allegations, Feldman sought, inter alia, civil penalties under PAGA for various Labor Code violations.

---

[2]    Defendants filed a petition for writ of mandate, arguing that their demurrer should have been sustained. On October 7, 2021, we summarily denied the writ petition.

3

*Mediation resolves all but the PAGA claim*

In December 2021, the parties attended private mediation, resolving all but the PAGA claim. The individual defendants were dismissed.

*Defendants' motion for summary judgment/adjudication*

Meanwhile, as is relevant to the issues on appeal, defendants had filed a motion for summary judgment and/or adjudication of the FAC. They "contended that only an employee can bring [a PAGA claim,] that since plaintiff is not an employee under the Corporate Practice of Medicine Act, he is precluded from prosecuting this cause of action. Plaintiff counter[ed] this doctrine does not apply or that there are triable issues of fact about the application of the Act."

The trial court denied defendants' motion, finding that "a still-operative analysis for determining . . . the employee status for licensed physicians is the common law test," pursuant to *S.G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341 (*Borello*), not the CPM doctrine. And, "[t]here are triable issues of fact whether plaintiff was an employee under the Corporate Practice of Medicine Act or an independent contractor. . . . Under *Borello*, the existence of an employment relationship is a fact intensive inquiry that depends on, among other things, how much control the defendants could exert over plaintiff."

*Feldman's first motion for leave to file fifth amended complaint (5AC)*

Feldman filed a motion for leave to file a 5AC. The trial court denied his motion, finding that the 5AC "as presented is demurrable on its face. I am not going to go into the reasons for that."

4

*Feldman's discovery motions*

Feldman then moved to compel discovery responses from defendants relating to statewide facilities. The trial court denied his motions, noting that the "affected defendants" and "aggrieved employees" were not identified in the FAC. The trial court suggested that "[w]e separate individual from PAGA claims particularly after the recent U.S. Supreme Court decision," apparently referring to *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*).

*Feldman's second motion for leave to file a 5AC*

Feldman again sought leave to file a 5AC to identify the "affected defendants" and "aggrieved employees."

*Defendants' motion for judgment on the pleadings*

Defendants filed a motion for judgment on the pleadings, again arguing that the FAC did not allege facts sufficient to sustain a cause of action "because it depends on a theory of recovery that is impossible as a matter of law. Specifically, Dr. Feldman's only remaining cause of action [PAGA claim,] which allows 'aggrieved employees' to bring civil actions . . . and therefore[] depends upon the existence of an employment relationship between Dr. Feldman and [defendants]. However, [the CPM doctrine] forbids the existence of such an employment relationship and in fact requires the parties to treat their relationship exactly as they did—one of independent contract. As a matter of law then, Dr. Feldman cannot establish the requisite employment relationship to support any legal theory under PAGA, and his remaining cause of action must therefore fail as he has no standing to bring a PAGA claim[] against Defendants."

Feldman opposed the motion, arguing that he alleged sufficient facts to support his allegation that he was an

employee—not an independent contractor—of defendants. And a finding of employment status does not "necessarily lead[] to a complete repudiation of the" CPM doctrine.

*Trial court hearing on both motions*

On October 31, 2022, the trial court entertained oral argument on Feldman's second motion for leave to file a 5AC and defendants' motion for judgment on the pleadings. The trial court raised the issue of whether *Viking River* affected the motions. After discussion with counsel, the trial court ordered supplemental briefing on how *Viking River* applied to the instant case, if at all.

The parties submitted supplemental briefs, and the trial court took both motions under submission.

*Trial court order*

On February 7, 2023, the trial court dismissed the FAC. It first addressed the question of whether the CPM doctrine barred Feldman's action: "In his own pleadings on this motion, [Feldman] virtually concedes that the [CPM doctrine] bars an employment relationship between himself and the defendants, except in a limited number of circumstances. [Feldman] does not contend that the latter apply here. He further does not contest that Labor Code [section] 2783 ('Determination of Status as Employee or Independent Contractor') does not vitiate application of [the CPM doctrine]. Defendants posit that plaintiff presents no persuasive authority for the assertion that the Legislature enacted this statute, which is consistent with recent case authority, with an intention to cast aside a relationship, enforced by the [CPM], that medical corporations have contractor, not employment, relationships with medical doctors."

6

"In support of the present motion, defendants contend it is incumbent on plaintiff to demonstrate that, as a matter of law, that he has standing to serve as an individual capable of serving as a PAGA representative on behalf of other[] similarly-situated persons. Defendants argue that plaintiff has not done so. They base their contention on the grounds that the relationship between the defendants and plaintiff is governed by the [CPM doctrine,] and plaintiff is not, and has never been an employee of the defendants who has standing to maintain a representative action under PAGA against them."

The trial court rejected this argument on the grounds that defendants' "novel conclusions are grounded on contested factual determinations and not supported by admissible evidence."

The trial court then turned to defendants' second argument: "[D]efendants assert that [plaintiff] is barred from brining a PAGA action under [*Viking River*] because his individual claims have been resolved and, without an individual stake in the action, he cannot be an individual bringing a PAGA action on behalf of other similarly situated employees."

After summarizing *Viking River*, the trial court found that Feldman had "not demonstrated, either legally or factually, that he was . . . an employee of the defendants who has the representative capacity to invoke representative status on behalf of other similarly situated employees. Therefore, he cannot maintain this action as an employee representative and this PAGA cause of action must be dismissed."

The trial court denied Feldman's second motion for leave to file a 5AC: "As stated, as a non-employee, plaintiff cannot bring a PAGA action. . . . As presented, the amendments are only a 'clean up of the pleading' that supplement nothing . . . to the

pleading, is not necessary and does not serve any necessary purpose but further delay."

*Appeals*

Judgment was entered, and Feldman's timely appeal ensued. Defendants filed a cross-appeal, arguing that the trial court's order should be affirmed pursuant to the CPM doctrine.

## DISCUSSION

I. *Defendants' appeal is dismissed*

The right to appeal is purely statutory. Code of Civil Procedure section 902 provides that only an "aggrieved" party may appeal a judgment. (See *Barham v. Southern Cal. Edison Co.* (1999) 74 Cal.App.4th 744, 751 ["Typically, a party cannot appeal from a judgment in its favor"].) ""One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment." [Citation.] Conversely, "A party who is not aggrieved by an order or judgment has no standing to attack it on appeal." [Citation.]' [Citation.]" (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.)

"We are here to provide relief for appellants who have been wronged by trial court error. Our resources are limited and thus are not brought to bear when appellants have suffered no wrong . . . . The guiding principle is one often encountered in daily life: no harm, no foul." (*Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1132, disapproved in part on other grounds in *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 269–270.)

Applying these legal principles, we readily conclude that defendants' appeal must be dismissed. While the trial court overruled defendants' demurrer and denied their motion for summary judgment, defendants are not aggrieved by the

8

judgment.  They obtained all the relief they requested in the trial court—Feldman's action against them was dismissed.  (*Jones & Matson v. Hall* (2007) 155 Cal.App.4th 1596, 1611 ["A party is not 'aggrieved' by a judgment or order rendered in his or her favor"].)  No legal authority (not to mention common sense) supports defendants' contention that they were aggrieved because they did not prevail on all of the arguments they raised.  In fact, as defendants note in their appellate briefs, we review a trial court's order, not its reasoning.  (*Bichai v. Dignity Health* (2021) 61 Cal.App.5th 869, 876–877.)

The fact that Feldman filed his notice of appeal first is irrelevant.  Defendants were not awarded less than they demanded.  (*Barham v. Southern Cal. Edison Co.*, *supra*, 74 Cal.App.4th at p. 751.)

Certainly defendants "have the right to bring additional points and information to [our] attention to help . . . understand the full scope of the issues in the case and reasons why [we] should uphold [defendants'] ultimate victory."  Their arguments concerning the CPM doctrine should have been raised in their respondents' brief, not by way of separate appeal.  That said, we will deem the arguments raised in their cross-appeal to be responsive to those raised by Feldman in his appeal.

II. *Motion for judgment on the pleadings and standard of review*

"'The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer:  We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein. . . .  We review the [operative] complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory.  [Citation.]'

9

[Citation.]" (*Burd v. Barkley Court Reporters, Inc.* (2017) 17 Cal.App.5th 1037, 1042.)

"Whether a motion for judgment on the pleadings should be granted with or without leave to amend depends on 'whether there is a reasonable possibility that the defect can be cured by amendment . . . .' [Citation.] When a cure is a reasonable possibility, the trial court abuses its discretion by not granting leave to amend and a reviewing court must reverse. [Citation.] 'The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citation.]" (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402.)

It is well-settled that we review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record. (*Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1457; *United Pacific Ins. Co. v. Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 ["We uphold judgments if they are correct for any reason, 'regardless of the correctness of the grounds upon which the court reached its conclusion.' [Citation.]"].)

III. *Ban on the corporate practice of medicine*

"The Medical Practice Act . . . and related provisions regulate the practice of medicine in California." (*People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C.* (2023) 94 Cal.App.5th 521, 533.) As is relevant to the issues on appeal, it prohibits "the corporate practice of medicine." (*Id.* at p. 534; see Bus. & Prof. Code, § 2400; *Conrad v. Medical Bd. of California* (1996) 48 Cal.App.4th 1038, 1041.) "In a nutshell, a corporate practice doctrine provides that a corporation may not engage in the practice of the profession of medicine. [Citation.] The 'principal evils' thought to spring from the corporate practice

of medicine are 'the conflict between the professional standards and obligations of the doctors and the profit motive of the corporation employer.' [Citation.]" (*Conrad, supra*, at p. 1041, fn. 2.)

"[A] nonlicensed individual need not examine a patient or render a medical diagnosis to engage in the unlicensed practice of medicine—to the contrary, a nonphysician unlawfully practices medicine if he or she exercises undue control over a medical practice. A nonphysician undoubtedly exercises undue control by owning a medical practice, but may also exercise such control in a variety of other ways, including by choosing physicians to provide medical services, selecting medical equipment, determining the parameters of physicians' employment, including case load and compensation, and making billing decisions." (*People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C., supra*, 94 Cal.App.5th at p. 539; see also *id*. at pp. 537–538; *Steinsmith v. Medical Board* (2000) 85 Cal.App.4th 458, 465–466 [physician working as independent contractor of a clinic owned by administrators who were not licensed physicians was sanctioned for aiding unlicensed practice of medicine in violation of Bus. & Prof. Code, § 2264].)

"The doctrine against the corporate practice of medicine has many exceptions today. [Citation.] Professional medical corporations, in which shareholders are licensed professionals, are permitted. [Citations.] Certain corporate hospitals and clinics are also permitted. [Citations.] A major exception has been made for corporate health care service plans, which 'shall not be deemed to be engaged in the practice of a profession' and are free to employ physicians. [Citation.]" (*California Physicians' Service v. Aoki Diabetes Research Institute* (2008)

163 Cal.App.4th 1506, 1514; see also *People v. Cole* (2006) 38 Cal.4th 964, 970 ["The ban on the corporate practice of medicine generally precludes for-profit corporations—other than licensed medical corporations—from providing medical care through either salaried employees or independent contractors"]; Corp. Code, § 13400 et seq.)

IV. *Analysis*

Applying these legal principles, we conclude that the trial court properly granted defendants' motion for judgment on the pleadings. In order for Feldman to have standing to assert a viable PAGA claim against defendants, he must be an "aggrieved employee" of defendants. (Lab. Code, § 2699, subd. (a).) "An 'aggrieved employee' is defined as any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed [citation]." (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 75.)

Certainly the FAC alleges such an employment relationship between Feldman and defendants. But, that relationship is prohibited by the Medical Practice Act's ban on the corporate practice of medicine. After all, as confirmed by the allegations of the FAC, defendants do not fall within one of the exceptions to that doctrine. It follows that Feldman cannot assert a PAGA claim against defendants as a matter of law.[3]

Urging us to conclude otherwise, Feldman argues that his "standing as a PAGA representative does not depend on whether his employment is prohibited by the CPM. Instead, it depends on

_____

[3]      We reach this conclusion without broaching the question of whether *Viking River* applies to the instant appeal.

12

an evidentiary showing that Dr. Feldman was an employee" who was "misclassified as [an] independent contractor[]."  This argument makes no sense.  Assuming without deciding that Feldman was an employee of defendants, then defendants would be unlawfully engaged in the practice of medicine.  Feldman offers no legal authority in support of his suggestion that an employer engaged in an illegal employment relationship is still somehow bound by wage and hour provisions of the Labor Code, and the violation of those provisions gives the unlawful employee standing to pursue a PAGA claim.

Labor Code section 2783, subdivision (b), does not compel a different result.  Feldman correctly points out that that statute provides that "the determination of employee or independent contractor status [for a physician] shall be governed by *Borello*." (Lab. Code, § 2783 & subd. (b).)  But the issue on appeal is not whether the parties have an employment relationship.  Assuming without deciding that their relationship is employer-employee, then that relationship is prohibited by Business and Professions Code section 2400.[4]

Feldman seems to suggest that because Labor Code section 2783 provides the parameters for determining whether a physician is an employee, then if an employee is deemed to be an employee under *Borello*, that employee-physician's employer is somehow excepted from Business and Professions Code section 2400's ban on the corporate practice of medicine.  Accepting this

---

[4]     To the extent Feldman argues that he was an independent contractor and not an employee, that contention does not aid him on appeal.  It is well-settled that California's labor laws protect only employees, not independent contractors.  (*Whitlach v. Premier Valley* (2022) 86 Cal.App.5th 673, 683.)

13

construction of the two statutes would be absurd. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830 [accepting the appellant's interpretation of the Power of Attorney Act would be inconsistent with laws prohibiting the unauthorized practice of law and would sanction criminal conduct].)

It follows that the trial court did not abuse its discretion in denying Feldman leave to amend. He has not shown how he can amend his pleading to assert a PAGA claim as an "aggrieved employee." (Lab. Code, § 2699, subd. (a).)

## DISPOSITION

The judgment is affirmed. Defendants' appeal is dismissed. Parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI



_____, J.
CHAVEZ


14