Filed 8/25/25  Williams v. Muhammad CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LUTHER W. WILLIAMS, | B337476 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. 22STCV16036) |
| SAFIYYAH MUHAMMAD et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison Mackenzie, Judge.  Affirmed.

Law Offices of Michele A. Dobson and Michele A. Dobson for Plaintiff and Appellant.

Safiyyah Muhammad, in pro. per., for Defendant and Respondent Safiyyah Muhammad.

Sakinah Muhammad, in pro. per., for Defendant and Respondent Sakinah Muhammad.

Waleed Thompson, in pro. per., for Defendant and Respondent Waleed Thompson.

Certain immutable rules apply in the appellate courts: "first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.) These rules help guide our resolution of this appeal, in which plaintiff and appellant Luther W. Williams asserts the trial court exhibited bias towards him and improperly denied his day-of-trial request for a continuance based on what purportedly occurred during two unreported court hearings. After the court denied a Code of Civil Procedure[1] section 170.6 challenge filed on the day of trial and Williams's last-minute request to continue the trial, Williams stated he had no evidence to present and could not go forward. The court accordingly found Williams had abandoned his case and dismissed it with prejudice.

Williams now appeals. He does not dispute the court properly denied his section 170.6 challenge as untimely, and has forfeited his other judicial bias claims by failing to raise them below. Even if he had not forfeited those claims, the absence of a reporter's transcript or settled statement means we lack any cognizable indication the trial court in fact demonstrated the bias that Williams claims. We further find no basis in the sparse record before us to suggest the trial court abused its discretion in denying Williams's request to continue the trial so that he could retain an attorney. We therefore affirm.

_____

[1] Unspecified statutory references are to the Code of Civil Procedure.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Williams Sues and the Case Is Set for a Court Trial

Williams filed suit against Safiyyah Muhammad, Sakinah Muhammad, and Waleed Thompson (collectively, respondents) on May 13, 2022 for breach of a lease agreement. Williams was unrepresented throughout the trial court proceedings. The record does not include any of his complaints, but the case register states his initial and first amended complaints were filed by "Williams represented by Mrs. J.D. Thomas, Attorney in Fact." Thomas appears to have been the manager for the leased property at issue; she is not a licensed attorney. The case register states the second amended complaint (the operable complaint) was filed by Williams alone.

The case was initially assigned to Judge Malcolm Mackey. On October 19, 2022, the court scheduled a bench trial for January 16, 2024, with a final status conference set for January 5, 2024. About a year later, on October 30, 2023, the case was reassigned to Judge Alison Mackenzie; the final status conference and trial dates remained unchanged.

At the final status conference on January 5, 2024, no court reporter was present. The minute order states in full, "Conference is held. [¶] The trial date of January 16, 2024 stands. [¶] All parties are ordered to appear in person on said date. [¶] Notice is waived." A later minute order from the first day of trial (which we discuss next) provides a bit of elaboration, stating that during the final status conference "the [c]ourt reminded [Williams] to bring his evidence with him to trial on [January 16, ]2024."

3

**B.    Williams's Trial Date Filings**

On January 16, 2024, prior to trial beginning later that day, Williams filed a peremptory challenge to Judge Mackenzie under section 170.6.  He also filed an ex parte application to continue the trial so that he could retain counsel.[2]  In support of these requests, Williams included declarations setting forth his characterization of what occurred at the January 5th final status conference.  He claimed among other things that the trial court refused to let Thomas sit at counsel table with him because Thomas was not an attorney, and refused to let Thomas object on behalf of Williams.  Williams asserted the court raised doubts about whether Williams was capable of representing himself, and stated that he had a " 'weak case' " because four binders of documents he offered for review did not contain evidence but instead had filings and court documents.  Williams asserted the trial court made its comments "in a condescending manner" and "in an angry tone" that "left [him] intimidated."  Williams said he needed a continuance to retain counsel because Thomas could no longer assist him and because of the court's negative comments about his case; he asserted that he had tried to retain an attorney but none were available on such short notice.

**C.    The Trial Court's Rulings and Dismissal of the Action**

After these filings, the parties appeared in person on January 16, 2024 for trial.  No court reporter was present; no settled statement was prepared afterwards.  The minute order

---

[2] The ex parte application additionally requested a continuance to reopen discovery.  As Williams does not assert the court erred in denying a continuance for this reason, we do not address it further.

states the court denied the "section 170.6 challenge as untimely." It further states the court denied the ex parte application to continue the trial because "[Williams] provided no good cause to continue the trial that was set [15] months ago, on October 19, 2022. [Williams] states that he wants a continuance to obtain counsel but provides no reason why he has not timely retained an attorney to represent him at trial, nor has he demonstrated that he has retained one at this time."

After the peremptory challenge and the motion for a continuance were denied, the minute order indicates, "The [c]ourt proceeded to inquire of [Williams] what evidence he intends to provide at the trial. The [c]ourt asked [Williams] for copies of any documents he wanted to show the [c]ourt at trial, but [Williams] said he has none. [Williams] said he is not prepared to go forward with the trial, even though he participated in a [f]inal [s]tatus [c]onference with the [c]ourt . . . during which time the [c]ourt reminded him to bring his evidence with him to trial . . . . [Williams] reiterated that he cannot go forward with the trial. The [c]ourt therefore dismissed the case with prejudice . . . on the grounds that [Williams] abandoned the case."

## DISCUSSION

Williams contends we should reverse the judgment of dismissal and order the case be assigned to a different judicial officer because the trial court was biased against him. He also asserts the trial court erred in denying his motion for a continuance of the trial date so that he could retain an attorney.[3]

---

[3] Williams's appellate brief concedes he was not prepared to proceed with trial on January 16, 2024, and makes no argument

5

## A. Williams's Claim of Judicial Bias Is Not Cognizable on Appeal

Any argument that Williams makes concerning a statutory basis for disqualification related to the trial court's asserted bias is not properly before us. The only statutory basis for disqualification raised below was section 170.6; Williams makes no argument that the court erred in denying his peremptory challenge pursuant to that section as untimely. Williams waived any other potential statutory basis for disqualification by failing to raise it in the trial court (*Magana v. Superior Court* (2018) 22 Cal.App.5th 840, 856), and because he did not pursue writ relief and instead filed an appeal (§ 170.3, subd. (d); *People v. Brown* (1993) 6 Cal.4th 322, 335 ["[§] 170.3[, subd. ](d) applies to all *statutory* judicial disqualification claims"]).

Williams appears to assert that we should consider his allegations of judicial bias under constitutional due process principles. He forfeited any such claim by not raising it in the trial court. " ' "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other

that, assuming the trial court properly denied him a trial continuance, it nonetheless erred in dismissing his case on the ground of abandonment. In dismissing the case the trial court cited "section 580[, subdivision ](d)" because Williams "abandoned the case." Section 580, however, has no such subdivision. This error was harmless and does not require reversal. It appears from context that the trial court intended to cite section 581, subdivision (d), which provides for dismissal "when upon the trial and before the final submission of the case, the plaintiff abandons it." Even if it was not so evident, we must uphold the trial court's decision if it is correct on any basis. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)

sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*People v. Saunders* (1993) 5 Cal.4th 580, 590.)  In *People v. Brown, supra*, 6 Cal.4th 322, our Supreme Court held that, "[i]n order to give maximum effect to the Legislature's clear intent that disqualification challenges be subject to prompt review by writ [citation], . . . a litigant may, and should, seek to resolve [a claim of judicial bias violating constitutional due process rights] by statutory means, and that his negligent failure to do so may constitute a forfeiture of his constitutional claim."  (*Id.* at p. 336; see also *Rivera v. Hillard* (2023) 89 Cal.App.5th 964, 976, fn. 9 [concluding party forfeited claim that judicial bias violated her due process rights].)

Even if we overlooked this forfeiture, Williams has failed to provide an adequate record for us to consider a due process challenge.  In a bench trial matter, "[i]t is 'extraordinary' for an appellate court to find judicial bias amounting to a due process violation.  [Citation.]  The appellate court's role is not to examine whether the trial judge's behavior left something to be desired, or whether some comments would have been better left unsaid, but to determine whether the judge's behavior was so prejudicial it denied the party a fair, as opposed to a perfect, trial.  [Citation.]  Mere expressions of opinion, based on observation of the witnesses and evidence, do not demonstrate judicial bias.  [Citation.]  Numerous and continuous rulings against a party are not grounds for a finding of bias.  [Citation.]" (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589.)

Williams fails to meet this high bar.  There is no reporter's transcript or settled statement for either the January 5 or January 16, 2024 hearings, and in their absence we disregard

Williams's disputed claims about what occurred during those hearings. Further, the minute orders for the hearings do not support Williams's assertions. This dearth of support is fatal "because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

## B. The Trial Court Did Not Abuse its Discretion in Denying Williams's Application to Continue the Trial

### 1. *Applicable Rule of Court and Standard of Review*

California Rules of Court, rule 3.1332 (rule 3.1332) governs trial continuances. It provides, "To ensure the prompt disposition of civil cases, the dates assigned for a trial are firm. All parties and their counsel must regard the date set for trial as certain." (Rule 3.1332(a).) It further provides that trial continuances are "disfavored," and "[t]he court may grant a continuance only on an affirmative showing of good cause requiring the continuance." (Rule 3.1332(c).)

"We review the denial of a motion to continue the trial date for abuse of discretion." (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

8

2. *Williams Fails to Show an Abuse of Discretion*

As he did in the trial court, Williams contends there was good cause for a continuance because the trial court refused to allow his " '[a]ttorney [i]n [f]act' " Thomas to participate in the proceeding. Williams contends this was "tantamount to [him] becoming new [c]ounsel on his case."

Williams fails to show the trial court acted arbitrarily and capriciously in rejecting this justification for a continuance. We do not know what, if anything, the court actually said about Thomas given the lack of a reporter's transcript. Assuming Thomas was providing Williams the level of assistance Williams asserts, it appears Thomas was providing legal representation without being licensed to practice law. An attorney in fact has restricted authority, is not an attorney at law, and cannot represent another individual in court in a breach of contract suit. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830-1831.) To do so constitutes the unauthorized practice of law, and the court had both the power and obligation to prohibit the unlicensed practice of law before it. (*Ibid.*) As such, Williams could not reasonably expect to rely on Thomas to represent him at trial. Put differently, Williams was always representing himself; the court's enforcement of rules against the unauthorized practice of law did not change that fact. The court could thus reasonably conclude that, if Williams felt he was unable to represent himself, he should have retained an attorney long before trial was just around the corner. As the court noted, the trial date was set about 15 months earlier.

In addition, three of the factors a court should consider under rule 3.1332 in deciding whether to grant a continuance— "[t]he proximity of the trial date," "[t]he length of the continuance

9

requested," and "[t]he prejudice that parties or witnesses will suffer as a result of the continuance" (rule 3.1332(d)(1), (3) & (5))—militated against a continuance. Williams filed his request to continue the morning that trial was scheduled to begin. In addition, he was apparently seeking a relatively lengthy continuance, as he asked for time to find and retain an attorney and to reopen discovery. Respondents would have been prejudiced by a continuance at least to the extent they spent time preparing for and appearing at trial.[4] The only factor weighing in favor of a continuance was that Williams had not previously requested a continuance. (Rule 3.1332(d)(2).)

In conclusion, the record demonstrates no abuse of discretion in the trial court's denial of Williams's last-minute request for a continuance.

---

[4] The record does not contain any proof of service of Williams's application to continue trial on respondents, and it appears from the case register that respondents did not file a written response to the application. Given the lack of a reporter's transcript, we do not know what other prejudice respondents may have identified to the trial court.

10

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED


                                    WEINGART, J.


We concur:



        BENDIX, Acting P. J.



        M. KIM, J.